No. 01-005

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 256

STANLEY SCHLEMMER,

Plaintiff and Appellant,

v.

NORTH CENTRAL LIFE INSURANCE

COMPANY,

Defendant and Respondent.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

The Honorable John Larson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Steve Fletcher; Bulman Law Associates, Missoula, Montana

For Respondent:

Steven C. Haddon; Boone, Karlberg & Haddon, Missoula, Montana

Submitted on Briefs: June 14, 2001
Decided: December 11, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 In the underlying action, Stanley Schlemmer (Schlemmer) sought damages on claims that the application and underwriting procedures used by North Central Life Insurance Company (North Central) in connection with his application for credit life and disability insurance violated the Unfair Claims Settlement Practices Act, breached the covenant of good faith and fair dealing, and constituted fraud. The Fourth Judicial District Court, Missoula County, granted summary judgment to North Central, and Schlemmer appeals. We affirm.

¶2 The issues are:

¶3 1. Did the District Court err in concluding Schlemmer materially misrepresented his health on the disability insurance application?

¶4 2. Is the District Court's conclusion that Schlemmer made a material misrepresen-tation legally sufficient to allow North Central to deny coverage under the policy?

¶5 3. Did the District Court err in failing to rule on whether North Central's agent had knowledge of Schlemmer's medical condition?

BACKGROUND

¶6 On April 16, 1996, Schlemmer executed an application for credit life and disability insurance with North Central in connection with his home mortgage. The insurance would pay off Schlemmer's home mortgage in the event of his death or disability. North Central's insurance agent was Schlemmer's bank loan officer.

¶7 The insurance application Schlemmer executed contains two questions about the applicant's health. The following statement is printed above the two questions:

> Borrowers and co-borrowers answering "yes" to question "1" are not eligible for Credit Life or Credit Disability Insurance. Any borrowers answering "yes" to

question "1" or "2" are not eligible for Credit Disability Insurance. So any certificate inadvertently provided you is invalid.

Beside questions "1" and "2" are checkoff boxes labeled "Yes" and "No." Question "1" is:

> During the last two years, have you been medically treated for or been diagnosed by a physician as having any of the following: Cancer, High Blood Pressure (taking 2 or more medications), Heart Disease, Prior Heart Surgery, Stroke, Lung Disease, Seizure Disorder, Multiple Sclerosis, Muscular Dystrophy, Diabetes (insulin dependent), Disease or Disorder of the Liver or Kidney, Alcoholism or Drug Addiction, or Immune Disorder?

Question "2" asks whether the applicant has been absent from work during the last year for more than five consecutive days due to a back or neck disorder. On Schlemmer's application form, the boxes labeled "No" are checked beside both questions. Farther down on the page, and immediately above Schlemmer's signature, is the printed statement, "I have read and understand this page and my answers to the health questions are true."

¶8 In August of 1998, Schlemmer submitted a claim to North Central for the disability benefits under the credit life and disability policy. North Central investigated the claim and learned that, at the time he applied for the disability insurance, Schlemmer had been treated within the previous two years for hypertension, chronic obstructive lung disease and disease or disorder of the kidneys. As a result, North Central denied Schlemmer's claim and refunded the premiums he had paid.

¶9 After Schlemmer filed this action, the parties cross-moved for summary judgment. North Central based its summary judgment motion on its argument that, because Schlemmer had made a material misrepresentation in his application for insurance, North Central was entitled to rescind the policy as a matter of law. Schlemmer based his cross-motion for partial summary judgment on his argument that, under § 33-22-110, MCA, a pre-existing condition may only be excluded from disability insurance coverage for a maximum of 12 months. Because more than 12 months had elapsed between his application for disability insurance and his claim, he asserted entitlement to the disability benefits as a matter of law.

¶10 The District Court determined Schlemmer is not entitled to recover the disability insurance proceeds because he made a material misrepresentation to North Central in the

application. On that basis, the court granted summary judgment to North Central. Schlemmer appeals.

## STANDARD OF REVIEW

¶11 This Court reviews a grant of summary judgment *de novo*, using the same Rule 56(c), M.R.Civ.P., criteria used by the district court. Summary judgment is proper when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903 (citations omitted).

## DISCUSSION

¶12 1. Did the District Court err in concluding Schlemmer materially misrepresented his health on the disability insurance application?

¶13 The District Court stated:

> [I]t is undisputed that [Schlemmer] signed the application for insurance, and that the box indicating that [Schlemmer] had not been diagnosed with or treated for lung disease was checked. Under section 33-15-403(2) such a misrepresentation prevents recovery under the policy if it is material or would have caused the insurer not to issue the policy. Under the analysis from *Schneider* [*v. Minnesota Mut. Life Ins. Co.* (1991), 247 Mont. 334, 339-40, 806 P.2d 1032, 1036] if an insurer considers a health condition to be material the insurer should specifically inquire about that condition. Here the application specifically asked about lung disease. [Schlemmer's] misrepresentation is therefore material, and coverage may be denied.

¶14 Schlemmer asserts that a factual controversy exists as to whether he made a material misrepresentation. He points out that he stated in a filed affidavit that he did not fill out the disability portion of the application and did not know that a previous condition "which was not disabling" would exclude him from coverage. His affidavit also states the North Central agent did not explain to him the pre-existing condition clause in the disability portion of the application. Schlemmer also points out that North Central did not file an affidavit refuting his affidavit.

¶15 In the latter regard, the record reflects the North Central agent had died by the time

Schlemmer brought this action. Therefore, it appears no one was available to refute Schlemmer's factual allegations regarding his transaction with that agent.

¶16 In any event, however, the language of the application is clear and unambiguous and Schlemmer did not deny signing it. As set forth above, the printed statement, "I have read and understand this page and my answers to the health questions are true" appears immediately above Schlemmer's signature. Under these circumstances, Schlemmer's claim of ignorance of the contents of the written application cannot prevail. *See Wiley v. Iverson*, 1999 MT 214, ¶ 25, 295 Mont. 511, ¶ 25, 985 P.2d 1176, ¶ 25 (citations omitted).

¶17 The record discloses no genuine issue of material fact as to whether the misrepresentation on Schlemmer's insurance application was made and signed by Schlemmer. Schlemmer does not argue that his answer to question "1" was, in fact, correct so as to negate the District Court's determination that he misrepresented his condition. Nor does he argue the misrepresentation was not material. Further, the misrepresentation met the *Schneider* standard for materiality cited by the District Court, in that the North Central application included a specific question regarding lung disease.

¶18 We hold the District Court did not err in concluding Schlemmer materially misrepresented his health on the disability insurance application.

¶19 2. Is the District Court's conclusion that Schlemmer made a material misrepresentation legally sufficient to allow North Central to deny coverage under the policy?

¶20 The District Court determined Schlemmer's material misrepresentation was legally sufficient to allow North Central to deny coverage under the policy pursuant to § 33-15-403, MCA (1995). That statute provides, in pertinent part:

> (2) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
>
> . . .
>
> (b) material either to the acceptance of the risk or to the hazard assumed by the insurer; or
>
> (c) the insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the same

premium or rate or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.

Section 33-15-403(2), MCA (1995). Based on question "1" and an affidavit from a North Central underwriter, the District Court concluded that Schlemmer's misrepresentation was material and that North Central would not have issued the policy had the true state of Schlemmer's health been disclosed as required by the application.

¶21 Schlemmer argues that, even if he made a material misrepresentation on the application, the misrepresentation could not serve as a basis to rescind the policy because he did not apply for benefits until more than two years after he applied for the insurance. He relies on § 33-22-205(1), MCA, but he did not raise an argument based on § 33-22-205(1), MCA, in the District Court.

¶22 This Court does not consider a change in legal theory or new arguments first raised on appeal, because of the fundamental unfairness of faulting a district court for failing to rule correctly on an issue it was never given the opportunity to consider. *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15 (citations omitted). Consequently, we decline to consider Schlemmer's argument based on § 33-22-205(1), MCA.

¶23 In the last paragraph of his brief, Schlemmer notes that the District Court did not discuss § 33-22-110(1), MCA (1995), which prohibits an insurance policy or certificate of disability insurance from excluding coverage for certain pre-existing conditions for over 12 months. Schlemmer's discussion of § 33-22-110(1), MCA (1995), in his brief on appeal is limited to two sentences.

¶24 Section 33-22-110(1), MCA (1995), addresses the circumstances under which pre-existing conditions may be excluded from disability insurance coverage; it also provides, as Schlemmer contends, that such a condition "may only be excluded for a maximum of 12 months." In order for a policy to expressly exclude coverage for a condition in the first instance and for the maximum allowable period, however, the insurer first must be aware that the applicant has the condition. Because of Schlemmer's misrepresentation on the insurance application, such was not the case here. As a result, there was not--and could not have been-- either an express exclusion or a maximum period of exclusion under § 33-22-110(1), MCA (1995). Indeed, in the present case, the policy application specifically

provides that an applicant disclosing the existence of the conditions set forth in question "1" or "2" is ineligible for the credit disability insurance.

¶25 We hold the District Court's conclusion that Schlemmer made a material misrepresentation is legally sufficient to allow North Central to deny coverage under the policy.

¶26 3. Did the District Court err in failing to rule on whether North Central's agent had knowledge of Schlemmer's medical condition?

¶27 Schlemmer contends an issue of material fact exists regarding the nature and extent of North Central's agent's knowledge of his condition at the time he applied for the disability insurance. In his affidavit, he stated "from 1991 through 1996 I had numerous medical problems which [the North Central agent] was or should have been aware of." In his brief, he argues the agent "most likely had knowledge" of his condition because of her "long standing relationship" with him as his bank loan officer.

¶28 Schlemmer's statement that the agent "most likely had knowledge" of his medical problems is pure speculation. Mere speculation cannot create an issue of fact to defeat a properly supported motion for summary judgment. *See Stutzman v. Safeco Ins. Co. of America* (1997), 284 Mont. 372, 376, 945 P.2d 32, 34 (quoting *Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264-65, 900 P.2d 901, 903).

¶29 Schlemmer also contends that the copy of a December 7, 1995 medical record of Dr. Gary Walter attached to Schlemmer's affidavit suggests he was using and carrying an oxygen tank when he applied for disability insurance in April of 1996. The medical record on which Schlemmer relies is a doctor's note typed up after an appointment saying, "Will recheck his oxygen to see if he still needs that. Continue with his current regimen and FU for a yearly exam in 3 months." The medical record does not explain Schlemmer's "current regimen" regarding oxygen in December of 1995, four months before his application for the disability insurance. It merely suggests his "oxygen" will be rechecked in three months to see if it is still needed. The doctor's note does not establish, tend to establish or even raise an inference that Schlemmer was carrying an oxygen tank when he applied for the credit disability insurance on April 16, 1996. Thus, it is insufficient to raise a genuine issue of material fact regarding the nature and extent of the North Central agent's knowledge of his condition.

¶30 We hold that the District Court did not err in failing to rule on whether North Central's agent had knowledge of Schlemmer's medical condition.

¶31 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE