
DA 07-0169

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 300

PERRY POLZIN d/b/a MP LIVESTOCK TRUST,

Plaintiff and Appellee,

v.

APPLEWAY EQUIPMENT LEASING, INC.,

Defendant and Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Judith Basin, Cause No. DV 05-09
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Ward E. Taleff; Taleff Law Office, Great Falls, Montana

For Appellee:

Mark E. Westveer, Heather Perry; Hubble, Ridgeway, Unmack & Westveer, Stanford, Montana

Submitted on Briefs:  January 4, 2008

Decided:  August 20, 2008

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Appleway Equipment Leasing, Inc. (Appleway), appeals from the order of the Tenth Judicial District Court, Judith Basin County, denying its motion to dismiss on the basis of improper venue. We reverse.

¶2 We restate the issue on appeal as follows:

¶3 Did the District Court err by invalidating the forum selection clause of the parties' agreement?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Appellee Perry Polzin (Polzin), a Montana resident, owns and operates the trucking business MP Livestock Trust, located in Stanford, Judith Basin County, Montana. Polzin often enters into lease-purchase agreements to obtain trucks for use in his business. Appleway is a commercial class-eight truck and trailer financing and leasing company with its principal place of business in Spokane, Washington. In addition to class-eight truck and trailer leasing, Appleway also sells its own repossessed trucks and trailers. When leasing equipment, Appleway uses a standard contract that contains two parts: an agreement to purchase and a lease agreement. This allows the buyer to purchase the equipment by making monthly lease payments in accordance with a payment schedule contained in the lease agreement. The lease agreement contains a forum selection and choice of law clause numbered "Section 4.24." This section provides:

> Section 4.24 **Venue and Governing Law.** This Lease is made in accordance with and shall be interpreted and governed by the laws of the

2

State of Washington. If any Legal Action or other proceeding shall be brought on or in connection with the Equipment or this Lease, the venue of such Legal Action shall, at the option of the Lessor, be in any State and County where any of the Equipment is then located, or in Spokane County, Washington.

Over the past ten to fifteen years, Polzin has contracted with Appleway approximately five times to lease trucks. The same standard contract containing Section 4.24 was used each time.

¶5 In early 2005, Barry Kottke (Kottke), a territory salesperson for Appleway, contacted Polzin and informed him of an available truck for sale. After discussing the truck over the phone, Polzin and a friend traveled to Spokane to inspect the truck. The asking price was $43,000 and Kottke informed Polzin that the truck had a new engine and new tires. The new engine had a warranty passed on from a California company called Chapa Diesel Repair (Chapa). As indicated on the purchase agreement, Polzin offered $38,000. Because Polzin's offer was lower than the asking price, Kottke went to the manager for approval. On the day of the negotiation, the normal office manager, Mike Klotz, was unavailable and instead the President of Appleway, Bradley T. Pring (Pring), looked over the purchase agreement.

¶6 The purchase agreement has two handwritten notes both initialed by Pring with "BTP." The first handwritten note states: "[$]42,500, due to engine overhaul – BTP w/ warranty[.]" The second handwritten note states: "[$]41,500 BTP Best I can do[.]" The second note is circled and the amount $41,500 is repeated at the bottom of the agreement, which is dated February 14, 2005, and is signed by both Polzin and Kottke. In

3

conjunction with the purchase agreement, and in order to finance the $41,500 purchase price, Polzin signed an equipment lease. The lease contains a payment schedule and is also dated February 14, 2005, but is signed by both Polzin and Pring. Polzin subsequently drove the truck back to Montana and began sending lease payments to Appleway in Spokane.

¶7 On June 22, 2005, the truck broke down outside of Glendive, Montana. Polzin had the truck towed to North Dakota, where it was repaired. Polzin contacted Appleway seeking repayment of the repair costs under the warranty. Appleway refused to pay any costs associated with the repair, claiming that Polzin was informed at the time of sale that the warranty was passed on from Chapa, located in Strathmore, California, and that Polzin would have to contact Chapa regarding enforcement of the warranty. In October, 2005, Polzin filed a complaint in Judith Basin County, Montana, alleging breach of contract because Appleway had "failed to perform under an express warranty which was the basis of the bargain for the Agreement to Purchase contract . . . ." Appleway filed a motion to dismiss for improper venue on January 20, 2006, arguing that, pursuant to Section 4.24 of the equipment lease, the contract is governed by the laws of the State of Washington and that "the venue of any legal action shall, at Appleway's option, be in any State and County where the equipment is located or in Spokane County, Washington." The District Court converted the motion to dismiss into a motion for summary judgment and conducted a hearing.

4

¶8 After the hearing, the District Court denied the motion to dismiss for improper venue. In reliance on our decision in *Keystone v. Triad Systems Corporation*, 1998 MT 326, 292 Mont. 229, 971 P.2d 1240, the District Court concluded that forum selection clauses are against Montana public policy, stating: "choice of forum clauses are void as unconstitutional." Pursuant to the *Restatement (Second) of Conflict of Laws*, § 187(2)(b) (1971) (the *Restatement*), the District Court analyzed whether Montana had a "materially greater interest" in the dispute than Washington – the State chosen by the parties. The Court admitted that it was "unclear" whether it should undertake a "materially greater interest" analysis or evaluate the clause on the basis of public policy. Applying the *Restatement* § 188(2) factors, the District Court concluded that Montana had a materially greater interest in the dispute. The court also determined that the choice of law clause was invalid pursuant to public policy. Because the District Court determined that (1) forum selection clauses violate Montana public policy and (2) Montana held a materially greater interest in the dispute than Washington State, the District Court concluded that the choice of law and forum selection clauses of the lease agreement were void. Appleway appeals.

**STANDARD OF REVIEW**

¶9 Where a motion to dismiss is converted by the District Court into a motion for summary judgment, the same standard of review applied to an appeal from a grant or denial of summary judgment is used. We review a district court's denial of summary judgment de novo – applying the same criteria as the District Court pursuant to M. R.

5

Civ. P. 56(c). *Sherner v. Nat'l Loss Control Servs. Corp.*, 2005 MT 284, ¶ 23, 329 Mont. 247, ¶ 23, 124 P.3d 150, ¶ 23. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M. R. Civ. P. 56(c); *Sherner*, ¶ 23.

## DISCUSSION

**¶10 Did the District Court err by invalidating the forum selection clause of the parties' agreement?**

¶11 Appleway asserts that the District Court erred when concluding that forum selection clauses are broadly unconstitutional and asserts that forum selection clauses are indeed "enforceable in Montana." Appleway argues that pursuant to § 28-3-102, MCA, the choice of law clause in Section 4.24 is valid and the District Court erred by failing to give Section 4.24 any effect.

¶12 Polzin argues that Section 4.24 must be analyzed pursuant to the "most significant relationship" test adopted by this Court pursuant to the *Restatement* §§ 6, 188, and 187. Polzin contends that such an analysis will result in the conclusion that "Montana has the most significant relationship to the warranty dispute and application of Washington law . . . would be contrary to the fundamental policy of Montana . . . ." Polzin asserts that Section 4.24 "was not an effective choice by the parties" because "[n]either party to the negotiation was familiar with the clause or even understood it."

¶13 Section 4.24 contains two distinct parts: a choice of law clause and a forum selection clause. The choice of law clause states: "This Lease is made in accordance with

and shall be interpreted and governed by the laws of the State of Washington." The forum selection clause states:

> If any legal Action or other proceeding shall be brought on or in connection with the Equipment or this Lease, the venue of such Legal Action shall, at the option of the Lessor, be in any State and County where any of the Equipment is then located, or in Spokane County, Washington.

Where a contract contains both a choice of law clause and a forum selection clause, we first determine whether the choice of law clause is valid. *Keystone*, ¶ 9. Unfortunately, the District Court missed this threshold question and blurred the issues.

¶14 We recently reaffirmed our reliance on the *Restatement* §§ 6, 187, and 188 for determining the validity of choice of law clauses in *Modroo v. Nationwide Mutual Fire Insurance Company*, 2008 MT 275, ¶ 50, 53 Mont. __, ¶ 53, __ P.3d __, ¶ 53. We explained that pursuant to the *Restatement* we will apply the "law of the state chosen by the parties to govern their contractual rights" unless

> application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

*Modroo*, ¶ 54 (quoting *Restatement* § 187(2)(b)). In sum, we refuse to apply the law of the state chosen by the parties if three factors are met: (1) but for the choice of law provision, Montana law would apply under § 188 of the *Restatement*; (2) Montana has a materially greater interest in the particular issue than the parties chosen state; and (3) application of the chosen state's law would contravene a Montana fundamental policy. *Modroo*, ¶ 54.

7

¶15 Here, the District Court considered only factors two and three. The court began its analysis with the second factor of the conflicts-of-law analysis and in reliance on the *Restatement* § 188(2), determined that Montana had a materially greater interest in the dispute. The court next concluded that the choice of law provision was void per public policy. The court explained that because public policy "upholds a Montana citizen's right to seek redress in Montana courts . . . [,] choice of forum clauses are void as unconstitutional." While this conclusion is, in and of itself, an incorrect conclusion of law, *see Milanovich v. Schnibben*, 2007 MT 128, ¶ 11, 337 Mont. 334, ¶ 11, 160 P.3d 562, ¶ 11 (explaining that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" (internal quotation omitted)), we need not explain this error in depth because the court first erred by failing to apply factor one of the three factor conflicts-of-law analysis – whether Montana law would apply if Section 4.24 was not in the contract.

¶16 When determining whether Montana law would apply absent the parties choice of law, we rely, *see Modroo*, ¶ 55, on the *Restatement* § 188, which provides:

> (1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

In turn, *Restatement* § 6(1) states that "[a] court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law." Montana law provides that a "contract is to be interpreted according to the law and usage of the place where it is to

8

be performed or, if it does not indicate a place of performance, according to the law and usage of the place where it was made." Section 28-3-102, MCA.

¶17 Appleway contends that performance under the contract is synonymous with "payment" and therefore, the "place of performance" is Washington – where the lease payments were sent, citing *McGregor v. Svare*, 151 Mont. 520, 445 P.2d 571 (1968). Polzin asserts that the place of performance is Stanford, Montana, because the underlying dispute is "enforcement of the warranty" and "the subject matter of the warranty, the Truck, is licensed and insured in Stanford, Montana." Polzin also points to other facts such as the Truck's Montana registration in support of his argument.

¶18 Despite the parties' arguments, a review of the contract reveals that it does not indicate a place of performance. Accordingly, pursuant to our statutory directive, when the contract does not indicate a place of performance, we apply "the law and usage of the place where it was made." Section 28-3-102, MCA. Here, the contract was negotiated and entered into in Spokane, Washington. This means that absent a choice of law provision in the contract, our statutory directive would require application of Washington law. Therefore, we answer the first question in the conflicts-of-law analysis in the negative. In turn, this ends our conflicts-of-law analysis as we conclude that the parties' choice of law is effective.

¶19 Accordingly, the District Court erred when denying the motion for summary judgment. Washington law recognizes forum selection clauses as valid, *see Voicelink Data Servs. v. Datapulse, Inc.*, 937 P.2d 1158, 1162 (Wash. App. 1997), and the contract

clearly states that venue of any legal action shall be, at the option of the lessor, in any state and county where the equipment is located or in Spokane County, Washington. Appleway chose Spokane County as the venue for this legal action and therefore the Montana venue is improper.

¶20 Next, Polzin reasserts the alternative argument he raised in the District Court that the agreement is a contract of adhesion and therefore invalid. We concluded in *Milanovich* that forum selection clauses are "prima facia valid" and will be enforced unless the resisting party can show that the clause is unreasonable under the circumstances. *Milanovich*, ¶ 11. A forum selection clause is "unreasonable and unenforceable if the agreement is not 'deliberately and understandingly made,' and if the contractual language does not 'clearly, unequivocally and unambiguously express a waiver' of personal jurisdiction." *Milanovich*, ¶ 11 (citing *May v. Figgins*, 186 Mont. 383, 394, 607 P.2d 1132, 1138-39 (1980)). Evidence that the clause is a contract of adhesion supports the conclusion that the clause is unreasonable under the circumstances. *See Milanovich*, ¶13. This is because adhesion contracts generally occur "when a party possessing superior bargaining power presents a standardized form of agreement to a party whose choice remains either to accept or reject the contract without the opportunity to negotiate its terms." *Zigrang v. U.S. Bancorp Piper Jaffray, Inc.*, 2005 MT 282, ¶ 14, 329 Mont. 239, ¶ 14, 123 P.3d 237, ¶ 14.

¶21 In those circumstances, we will not enforce a contract clause against the weaker party if the clause is: "(1) not within the reasonable expectations of said party, or

10

(2) within the reasonable expectations of the party, but, when considered in its context, is unduly oppressive, unconscionable or against public policy." *Iwen v. U.S. West Direct*, 1999 MT 63, ¶ 27, 293 Mont. 512, ¶ 27, 977 P.2d 989, ¶ 27 (internal quotation omitted). "When determining whether a contract is one of adhesion, we focus on the nature of the contracting process . . . ." *Iwen*, ¶ 28.

¶22 Polzin argues that he "did not reasonably expect that only Appleway could determine where an action could be filed." However, in its order the District Court referenced several case specific considerations that convince us otherwise. First, Polzin has been in the trucking business for nearly twenty years and has often entered into lease-purchase agreements to obtain trucks for use in his business. Over the past fifteen years, Polzin has contracted with Appleway at least four other times to lease trucks. The same standard equipment lease containing Section 4.24 was used each time. Accordingly, it was reasonable for Polzin to expect that Section 4.24 would appear in the current and fifth lease. Failure to read and understand a clear and unambiguous agreement, absent mistake, is not a defense to its enforcement. *See Schlemmer v. N. Central Life Ins. Co.*, 2001 MT 256, ¶ 16, 307 Mont. 203, ¶ 16, 37 P.3d 63, ¶ 16; *Morrison v. Higbee*, 204 Mont. 515, 520, 668 P.2d 1025, 1027 (1983). Second, as in *Milanovich*, ¶ 13, the handwritten notes on the purchase agreement indicate that this contract was negotiated. The price was set at $43,000 and Polzin offered $38,000. After more negotiating the parties settled on a sale price of $41,500. This negotiation process mitigates the possibility that the agreement is an adhesion contract as it demonstrates Polzin's use of

11

legitimate bargaining power. Third, this is not an instance where Polzin had no other option except to sign the contract.

¶23 Polzin argues that even if he should have reasonably expected the forum selection clause, the clause is void because "Montana law is clear that forum selection clauses are void as against public policy." As previously noted, forum selection clauses are not presumptively void as against public policy. *See Milanovich*, ¶ 11. Accordingly this argument also fails. Polzin offers no evidence that Section 4.24 is unreasonable under the circumstances here. Consequently, he has not met his burden as the "resisting party." *Milanovich*, ¶ 11.

¶24 In sum, the forum selection clause is valid and Appleway had the option of changing the venue of the proceeding to either Spokane, Washington, or where the equipment was located. Therefore, the District Court erred by denying Appleway's motion to dismiss for improper venue.

¶25 Reversed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS

12