# SAN DIEGO GAS & ELECTRIC CO., Petitioner,

## v.

# NINTH JUDICIAL DISTRICT COURT, TOOLE COUNTY, THE HONORABLE BRENDA R. GILBERT, DISTRICT JUDGE, Respondent.

No. OP 14-0326.
Decided July 18, 2014.
2014 MT 191.
375 Mont. 517.
329 P.3d 1264.

## OPINION AND ORDER

¶1   San Diego Gas & Electric Co. (San Diego) has petitioned this Court to exercise supervisory control in relation to a proceeding pending before the Ninth Judicial District Court, Toole County, denominated *NaturEner USA, LLC v. San Diego Gas & Electric Co.*, Cause No. DV-13076. San Diego requests that this Court determine that the District Court is proceeding under a mistake of law based on its April 28, 2014 Order denying San Diego's Motion to Dismiss or Stay. We grant the petition.

## BACKGROUND

¶2   The underlying action arose as the result of a contractual dispute between San Diego and several NaturEner wind-energy companies (collectively, NaturEner). San Diego is a California utility, and NaturEner is a group of Delaware limited liability companies headquartered in California. In January 2012, San Diego and NaturEner entered into two contracts. The first is an agreement (Purchase Agreement) for San Diego to purchase renewable energy credits and electricity from NaturEner. The credits and electricity are generated at the Rim Rock wind farm in Glacier and Toole counties, Montana. The Purchase Agreement contains the following clauses:

> This Agreement and the rights and duties of the Parties hereunder shall be governed by and construed, enforced and performed in accordance with the laws of the state of California, without regard to principles of conflicts of law.
>
> . . .
>
> **THE PARTIES HEREBY CONSENT TO CONDUCT ALL DISPUTE RESOLUTION, JUDICIAL ACTIONS OR PROCEEDINGS ARISING DIRECTLY, INDIRECTLY OR OTHERWISE IN CONJUNCTION WITH, OUT OF, RELATED TO OR ARISING FROM THIS AGREEMENT IN THE CITY OF SAN DIEGO, CALIFORNIA.**

(Emphasis in original.)

¶3   The second contract (Contribution Agreement) requires San Diego to invest approximately $285 million to acquire an equity interest in the Rim Rock wind farm. The Contribution Agreement contains a clause specifying that New York law applies in the event of a dispute, and that **"THE PARTIES HEREBY IRREVOCABLY SUBMIT TO THE NON EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT IN NEW YORK COUNTY, NEW YORK … ."** (Emphasis in original.) In both the Purchase Agreement and

Contribution Agreement, the parties also agreed to certain "Avian Conditions" for the protection of birds and bats that might be harmed through operation of the wind farm. The parties later amended the Contribution Agreement through a separate "Avian Conditions Agreement."

¶4   On December 19, 2013, San Diego filed suit in California's San Diego Superior Court, seeking a declaration that NaturEner had not satisfied the "Avian Conditions" of the agreements. The next day, NaturEner filed a nearly identical suit in Montana's Ninth Judicial District Court, seeking a declaration that it had satisfied the "Avian Conditions," and alleging breach of the Contribution Agreement and breach of the covenant of good faith and fair dealing. San Diego filed a Motion to Dismiss or Stay, which the District Court denied.

¶5   San Diego then petitioned this Court for a writ of supervisory control, or in the alternative, a writ of review. This Court subsequently ordered that a response be filed by NaturEner, which has been filed. The issue raised in San Diego's petition is whether the District Court erred as a matter of law by accepting jurisdiction over the parties' dispute in light of the forum selection clause contained in the Purchase Agreement, as well as *forum non conveniens* and principles of comity.

## DISCUSSION

¶6   This Court "has general supervisory control over all other courts." Mont. Const. art. VII, § 2(2). However, "[s]upervisory control is an extraordinary remedy, reserved for extraordinary circumstances." *Stokes v. Mont. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citing *Hegwood v. Mont. Fourth Jud. Dist. Ct.*, 2003 MT 200, ¶ 6, 317 Mont. 30, 75 P.3d 308). Acceptance of supervisory control is decided on a case-by-case basis and is "limited to cases involving purely legal questions, in which the district court is proceeding under a mistake of law causing a gross injustice or constitutional issues of statewide importance are involved." *Stokes*, ¶ 5 (citing M. R. App. P. 14(3)). We may assume supervisory control to direct the course of litigation if the district court "is proceeding based on a mistake of law, which if uncorrected, would cause significant injustice for which appeal is an inadequate remedy." *Stokes*, ¶ 5 (citing *Simms v. Mont. Eighteenth Jud. Dist. Ct.*, 2003 MT 89, ¶ 18, 315 Mont. 135, 68 P.3d 678).

¶7   We conclude that this case is appropriate for the exercise of supervisory control. The issues raised by San Diego are purely legal, involving questions of contract interpretation and judicial expediency.

Requiring an appeal from final judgment could result in inconsistent judgments from multiple states' courts, protracted and redundant litigation, and undue burden on state resources. We have previously explained that promoting judicial economy and avoiding procedural entanglements are adequate grounds for this Court to issue a writ of supervisory control. *Truman v. Mont. Eleventh Jud. Dist. Ct.*, 2003 MT 91, ¶ 15, 315 Mont. 165, 68 P.3d 654 (citation omitted). Therefore, we will address the issues raised in San Diego's petition that we conclude are dispositive—the nature of the forum selection clause contained in the Purchase Agreement and *forum non conveniens*.

### A. Choice of Law Provision

¶8 "Where a contract contains both a choice of law clause and a forum selection clause, we first determine whether the choice of law clause is valid." *Polzin v. Appleway Equip. Leasing, Inc.*, 2008 MT 300, ¶ 13, 345 Mont. 508, 191 P.3d 476 (citation omitted). We rely on the Restatement (Second) of Conflict of Laws, §§ 6, 187-88 (1971) in making this determination. *Polzin*, ¶ 14. A contractual choice of law clause is valid unless three factors can be established: "(1) but for the choice of law provision, Montana law would apply under § 188 of the *Restatement*; (2) Montana has a materially greater interest in the particular issue than the parties [*sic*] chosen state; and (3) application of the chosen state's law would contravene a Montana fundamental policy." *Polzin*, ¶ 14 (citation omitted).

¶9 ■ The Purchase Agreement states that California law governs the rights and duties of the parties in this case. Neither San Diego nor NaturEner dispute the validity of the choice of law clause. We likewise see no reason that application of California law would contravene Montana's fundamental policy, regardless of the outcome of an analysis under factors (1) and (2). Accordingly, we accept the choice of law clause as valid and apply California law in interpreting the forum selection clause contained in the Purchase Agreement. *See Polzin*, ¶ 19 (applying Washington law in determining that the forum selection clause was valid and that Montana venue was inappropriate under the terms of the contract).

### B. Forum Selection Clause

¶10 In California, forum selection clauses are valid and will be given effect in the court's discretion and in the absence of a showing that enforcement would be unreasonable. *Smith, Valentino & Smith, Inc. v. Super. Ct. of Los Angeles Cnty.*, 551 P.2d 1206, 1209 (Cal. 1976). To prove that enforcement would be "unreasonable," " 'the party assailing the clause must establish that ... the forum selected would be

*unavailable* or *unable to accomplish substantial justice.*' " *Cal-State Bus. Prods. & Servs., Inc. v. Ricoh*, 16 Cal. Rptr. 2d 417, 425 (Cal. Ct. App. 1993) (citations omitted) (emphasis in original). "[F]orum selection clauses [] 'play[] an important role in both national and international commerce' " and " 'as a general rule should be welcomed.' " *America Online, Inc. v. Super. Ct.*, 108 Cal. Rptr. 2d 699, 707 (Cal. Ct. App. 2001) (citations omitted). "[B]oth the United States Supreme Court and the California Supreme Court have placed a heavy burden on a [party] seeking to defeat such a clause ... ." *Lu v. Dryclean-U.S.A. of Cal., Inc.*, 14 Cal. Rptr. 2d 906, 907 (Cal. Ct. App. 1992).

¶11 California courts construe forum selection clauses as either mandatory or permissive. Clauses containing "language of exclusivity" are held to be mandatory, while clauses that merely provide for submission to jurisdiction in a particular forum without requiring it are held to be permissive. *Animal Film, LLC v. D.E.J. Prods., Inc.*, 123 Cal. Rptr. 3d 72, 76-77 (Cal. Ct. App. 2011). To qualify as mandatory, "the language within a forum selection clause must be clear and unambiguous in designating a forum as exclusive and mandatory." *CQL Original Prods., Inc. v. Natl. Hockey League Players' Assn.*, 46 Cal. Rptr. 2d 412, 418-19 (Cal. Ct. App. 1995); *Hunt v. Super. Ct.*, 97 Cal. Rptr. 2d 215, 219 fn.5 (Cal. Ct. App. 2000). California courts rely on the reasoning of federal courts when interpreting forum selection clauses, as do the parties in this case. *See e.g. Smith, Valentino & Smith, Inc.*, 551 P.2d at 1208-09; *Net2phone, Inc. v. Super. Ct.*, 135 Cal. Rptr. 2d 149, 152 (Cal. Ct. App. 2003); *Olinick v. BMG Ent.*, 42 Cal. Rptr. 3d 268, 279-80 (Cal. Ct. App. 2006); *Cal-State Bus. Prods. & Servs., Inc.*, 16 Cal. Rptr. 2d at 424-26. California federal law states that "[a] clause that specifies a venue with mandatory language will be enforced." *BrowserCam Inc. v. Gomez, Inc.*, 2008 U.S. Dist. LEXIS 82159 at *3 (N.D. Cal. Sept. 26, 2008). "[M]andatory forum selection clauses contain language such as 'exclusive' or 'only,' [but] permissive clauses do not preclude the action from being litigated in another court." *Softwareworks Group, Inc. v. IHosting, Inc.*, 2006 U.S. Dist. LEXIS 75989 at *7 (N.D. Cal. Oct. 4, 2006) (citation omitted).

¶12 In the present case, the District Court determined that the forum selection clause contained in the Purchase Agreement is permissive and does not require the parties to litigate in California. San Diego argues that this was error and that the forum selection clause is mandatory. San Diego focuses heavily on the use of the words "conduct all." Such language, it maintains, establishes that "[t]he parties consented to the place of litigation, not simply to a court's jurisdiction

... ." In support, San Diego cites *Paster v. Putney Student Travel, Inc.*, 1999 U.S. Dist. LEXIS 9194 (C.D. Cal. June 7, 1999). There, the forum selection clause provided: " 'I agree and consent to the jurisdiction of the courts of the State of Vermont, with venue in Windham County, Vermont or the United States District Court for the District of Vermont, for the resolution of all legal matters concerning this agreement ... .' " *Paster*, 1999 U.S. Dist. LEXIS 9194 at *2. The court determined that common rules of contract interpretation required it to enforce the forum selection clause as mandatory. The court focused exclusively on the terms "the resolution of all legal matters" in reaching this conclusion. *Paster*, 1999 U.S. Dist. LEXIS 9194 at **9-10.

¶13 San Diego also analogizes to the following cases, which either interpreted their respective forum selection clauses as mandatory or indicated that they would have been enforced as mandatory absent other procedural issues: *Marvin Kommel Prods. v. Lettergraphics Intl., Inc.*, 1984 U.S. Dist. LEXIS 22892 at *2 (S.D.N.Y. Oct. 10, 1984) (" 'Any and all suits for any and every breach of this Agreement must, at the sole option of Licensor, be instituted and maintained in any court of competent jurisdiction in the State of California, it being understood and agreed that the venue of such suit shall be in Los Angeles County, State of California.' "); *Chandler Mgmt. Corp. v. First Specialty Ins. Corp.*, 2013 U.S. Dist. LEXIS 13417 at *3 (N.D. Tex. Jan. 31, 2013) (" 'The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York, and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.' "); and *Zeneca, Inc. v. Monsanto Co.*, 1996 Del. Ch. LEXIS 29 at *4 (Del. Ch. Mar. 7, 1996) (" 'MONSANTO hereby agree that any suit to enforce or compel the performance of any provision of this Agreement, [or] to obtain a remedy for any breach or violation of this Agreement ... shall be brought in the United States District Court for the Northern District of Illinois, Eastern Division.' ").

¶14 The following forum selection clauses have also been held to be mandatory by California courts: *Cal-State Bus. Prods. & Servs., Inc.*, 16 Cal. Rptr. 2d at 420 fn.4 (" '[A]ny appropriate state or federal district court located in the Borough of Manhattan, New York City, New York shall have exclusive jurisdiction over any case of controversy arising under or in connection with this Agreement ... .' "); *Furda v. Super. Ct.*, 207 Cal. Rptr. 646, 648 fn.1 (Cal. Ct. App. 1984) (" 'Any controversy or claim arising out of or relating to this Agreement ... shall be litigated either in a state court for Ingham County, Michigan, or in the U.S. District Court for the Western District of Michigan.' ");

*Lu*, 14 Cal. Rptr. 2d at 907 (" '[A]ny and all litigation that may arise as a result of this Agreement shall be litigated in Dade County, Florida.' "); *CQL Original Prods., Inc.*, 46 Cal. Rptr. 2d at 414 (" '[A]ny claims arising hereunder shall, at the Licensor's election, be prosecuted in the appropriate court of Ontario.' ").

¶15 NaturEner maintains that the forum selection clause contained in the Purchase Agreement is permissive. NaturEner argues that "[t]he word 'consent' connotes 'acquiescence' ... and lacks the compulsory connotation of a word like 'shall.' " NaturEner and the District Court in its Order cite several cases as examples of forum selection clauses that have been held to be permissive. In *BrowserCam Inc.*, 2008 U.S. Dist. LEXIS 82159 at **3-4, the forum selection clause provided: " 'Each party hereby agrees to jurisdiction and venue in the courts of the City of New York or the federal courts sitting therein, for all disputes and litigation arising under or relating to this Agreement ... .' " The court explained that because this clause did not contain language expressly designating New York as the exclusive venue, it was not mandatory and was merely offering consent to the jurisdiction of New York courts. Put another way, the "clause plainly means that 'all disputes' *could* be litigated in a New York court, not that they *must* be." *BrowserCam Inc.*, 2008 U.S. Dist. LEXIS 82159 at *5 (emphasis in original).

¶16 Similarly, in *Softwareworks Group, Inc.*, 2006 U.S. Dist. LEXIS 75989 at **3-4, the forum selection clause provided:

> "Each of the parties to this Note consents to the jurisdiction and venue of the courts of the state of New Jersey and the United States District Court for the District of New Jersey ... with respect to any action relating to a claim, dispute or controversy arising out of or in connection with this Note ... ."

The court determined that this type of language "indicates consent to jurisdiction and venue in New Jersey, but does not mandate such jurisdiction and venue." *Softwareworks Group, Inc.*, 2006 U.S. Dist. LEXIS 75989 at * 8. The following forum selection clauses have likewise been held to be permissive by California courts: *Animal Film, LLC*, 123 Cal. Rptr. 3d at 75 (" **THE PARTIES HERETO SUBMIT AND CONSENT TO THE JURISDICTION OF THE COURTS PRESENT IN THE STATE OF TEXAS IN ANY ACTION BROUGHT TO ENFORCE (OR OTHERWISE RELATING TO) THIS AGREEMENT.'** ") (emphasis in original); *Hunt Wesson Foods, Inc. v. Sup. Oil Co.*, 817 F.2d 75, 76 (9th Cir. 1987) (" 'The courts of California, County of Orange, shall have jurisdiction over the parties

in any action at law relating to the subject matter or the interpretation of this contract.' "); and *Berg v. Mtc Elecs. Techs. Co.*, 71 Cal. Rptr. 2d 523, 527 (Cal. Ct. App. 1998) (" 'The company [MTC] has expressly submitted to the jurisdiction of the State of California and United States Federal courts sitting in the City of Los Angeles, California, for the purpose of any suit, action or proceedings arising out of this Offering.' ").

¶17 ▪ We conclude that the preceding authority establishes that the forum selection clause contained in the Purchase Agreement is mandatory in nature.[1] NaturEner and the District Court incorrectly focus their respective analyses on the word "consent." While they accurately conclude that clauses that merely consent to the jurisdiction of a particular court or courts are permissive, the forum selection clauses at issue in the cases cited by NaturEner and the District Court are readily distinguishable from the present one. Those cases all involved instances where the parties simply agreed that a particular court or courts would *have jurisdiction* over any or all disputes arising under a contract. In construing those provisions, the respective California courts were quick to point out that authorizing a particular court or courts to exercise jurisdiction is not the same as agreeing that no other court may exercise jurisdiction. Therefore, the possibility of litigating in other courts has not been foreclosed. This analysis makes sense because, as a practical matter, it is entirely possible for multiple courts to have the authority (jurisdiction) to hear any and all potential disputes that might arise under a contract. A permissive consent to jurisdiction clause, as construed by California courts, simply designates one or more of these courts explicitly without barring other possibilities.

¶18 In contrast, as San Diego notes, the present forum selection clause utilizes the phrase "conduct all." This "conduct all" language is analogous in effect to the language that California courts have held to be mandatory, e.g. "[a]ny and all suits ... must ... be instituted" and "[a]ny controversy ... shall be litigated." Like the words "institute[]" and "litigate[]," "conduct" is a verb that relates to the taking of a definite action. The forum selection clause specifies that "all" such

---

[1] The San Diego Superior Court issued a ruling on May 22, 2014, in Case No. 37-2013-00080682-CU-CO-CTL, determining that this forum selection clause is permissive. The court offered little analysis on this point, and its ruling is not binding in any event. The court did note, however, that even a permissive forum selection clause "is entitled to substantial weight."

action is to be taken in San Diego. Certainly, the clause does not use the words "shall" or "must," but it strains logic to its breaking point to argue that one could agree to "conduct all" litigation in San Diego but at the same time conduct it elsewhere. Although the clause contains the term "consent," it is not drafted as a consent to jurisdiction clause. It is in the nature of a promise to litigate all disputes in a particular forum, as opposed to simply authorizing a particular court or courts to hear a dispute. Under a plain reading, the phrase "conduct all" specifically limits the parties' litigation activities to a single forum (mandatory), and does not merely state that one court, among many, may exercise jurisdiction (permissive).

¶19 On the other hand, the forum selection clause contained in the Contribution Agreement ("**THE PARTIES HEREBY IRREVOCABLY SUBMIT TO THE NON EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT IN NEW YORK COUNTY, NEW YORK ... .**") is permissive. By submitting to the *non-exclusive jurisdiction* of any New York County court, the parties have authorized such courts to exercise jurisdiction but have not foreclosed the possibility of litigating elsewhere. NaturEner urges us to read this forum selection clause in conjunction with the forum selection clause contained in the Purchase Agreement to conclude that both are permissive. NaturEner argues that pursuant to Cal. Civ. Code § 1642, "[w]here, as here, '[s]everal contracts relat[e] to the same matters,' are 'between the same parties,' and address 'substantially one transaction,' they are 'to be taken together.' " Therefore, according to NaturEner, these provisions "must be harmonized, rather than interpreted in a way that 'render[s] some meaningless,' " citing *Zalkind v. Ceradyne, Inc.*, 124 Cal. Rptr. 3d 105, 116 (Cal. Ct. App. 2011); *accord* §§ 28-3-202, -203, MCA.

¶20 While NaturEner accurately cites one of California's canons of contract interpretation, it does not apply here. The Purchase Agreement and the Contribution Agreement were specifically drafted to contain separate choice of law clauses (California vs. New York) and separate forum selection clauses (San Diego vs. New York County). The rules of contract interpretation require courts to give effect to the mutual intentions of the parties, based, if possible, solely on the provisions of the contract. *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995). Indeed, "[t]he language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638. Under the Purchase Agreement, San Diego and NaturEner agreed to *conduct all* litigation

in California. We will not interpret this mandatory clause as permissive based on wholly distinct language contained in the Contribution Agreement.

¶21 Lastly on this point, NaturEner asks us to find that a mandatory forum selection clause violates Montana's public policy and that San Diego waived its venue challenge by failing to raise it in its first appearance. We find neither of these arguments persuasive under the facts of this case and hold that the Purchase Agreement must be litigated in the San Diego Superior Court.

### C. *Forum Non Conveniens*

¶22 *Forum non conveniens* is a common law doctrine that "allows a court to 'resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute.' " *Haug v. Burlington N. R.R.*, 236 Mont. 368, 374, 770 P.2d 517, 521 (1989) (citation omitted). Under this doctrine, a court may decline jurisdiction and dismiss a case "when it believes that the action may be more appropriately and justly tried elsewhere." *Haug*, 236 Mont. at 374, 770 P.2d at 521; *Cook v. Soo Line R.R. Co.*, 2008 MT 421, ¶ 16, 347 Mont. 372, 198 P.3d 310.

¶23 San Diego argues that the District Court should have dismissed NaturEner's action based on *forum non conveniens* for several reasons: witnesses and documents are more readily accessible in California; a Montana lawsuit would unduly burden Montana with a dispute between Californians regarding a California Contract; and California courts are more familiar with the California law governing the Purchase Agreement dispute. NaturEner, on the other hand, contends that the District Court properly concluded that Montana has a substantial interest in this case; Montana courts are fully capable of applying California law; Montana witnesses or a site visit to the Rim Rock wind farm might be necessary; electronic discovery practices make discovery equally efficient in Montana and California; and the dispute could be most expediently resolved in Montana.[2]

¶24 Having already determined that the forum selection clause contained in the Purchase Agreement is mandatory and must be litigated in California, we believe that the related issues regarding the Contribution Agreement would be "more appropriately and justly

---

[2] On July 2, 2014, San Diego provided this Court with a supplemental filing indicating that the San Diego Superior Court has scheduled the California trial for November 26, 2014. The District Court, on the other hand, has scheduled the Montana trial for January 2, 2015.

tried" there as well. We have recognized that § 25-2-201(2) and (3), MCA, is closely related to the doctrine of *forum non conveniens*, if not an outright codification. *State ex rel. Burlington N. R.R. v. Dist. Ct.*, 270 Mont. 146, 153, 155, 891 P.2d 493, 498-99 (1995); *Modroo v. Nationwide Mut. Fire Ins. Co.*, 2008 MT 275, ¶ 70, 345 Mont. 262, 191 P.3d 389. Section 25-2-201(3), MCA, provides: "The court or judge must, on motion, change the place of trial in the following cases: (3) when the convenience of witnesses and the ends of justice would be promoted by the change." In *Nutter v. Permian Corp.*, 224 Mont. 72, 74-75, 727 P.2d 1338, 1340 (1986) we explained that "[t]he possibility of conflicting results, multiple actions, and duplicate trials meets the statutory qualification of Section 25-2-201(3), MCA, for the convenience of witnesses and the promotion of the ends of justice." Certainly, we have never construed § 25-2-201(3), MCA, as authorizing a district court to dismiss a case merely because it can be tried more conveniently in another state. *Modroo*, ¶ 70. However, the caselaw interpreting that statute is helpful to a *forum non conveniens* analysis.

¶25 Pursuant to *Nutter*, there is a strong possibility of inconsistent results here if mirror image trials are held in both Montana and California. As we have explained, "all matters should be addressed by one court and under one cause number, thus eliminating the prospect of conflicting rulings by two separate courts." *Yellowstone Cnty. v. Drew*, 2007 MT 130, ¶ 19, 337 Mont. 346, 160 P.3d 557. Moreover, litigating duplicate actions in separate forums would constitute a substantial waste of time and judicial resources. Both San Diego and NaturEner are headquartered in California. San Diego presented evidence that during the District Court's evidentiary hearing on the preliminary injunction, all of the parties' fact witnesses were Californians. San Diego filed suit first in San Diego Superior Court, which is where we have determined the Purchase Agreement must be litigated. Accordingly, we believe it prudent to litigate the related issues concerning the Contribution Agreement there as well.

¶26 ▮ In sum, the circumstances warrant exercise of supervisory control in this case. The Purchase Agreement requires the parties to litigate all disputes, at least as they pertain to that contract, in San Diego. The District Court was proceeding in error to conclude otherwise. The Contribution Agreement involves similar issues and would be "more appropriately and justly tried" in the same forum to promote judicial expediency and prevent inconsistent judgments. The parties' remaining arguments regarding comity need not be addressed.

¶27 IT IS HEREBY ORDERED that the Application for Writ of

Supervisory Control is GRANTED.

¶28 IT IS FURTHER ORDERED that the District Court's Order of April 28, 2014, denying San Diego's Motion to Dismiss or Stay is VACATED. This matter is remanded to the District Court with instructions to DISMISS the action in accordance with this Opinion.

¶29 The Clerk of this Court is directed to provide copies of this Opinion and Order to all counsel of record and the Honorable Brenda R. Gilbert, Ninth Judicial District Court Judge, presiding.

DATED this 18th day of July, 2014.

CHIEF JUSTICE McGRATH, JUSTICES COTTER, McKINNON, SHEA, BAKER and WHEAT concur.