**2017 UT App 41**

## THE UTAH COURT OF APPEALS

ROCKY MOUNTAIN BUILDERS SUPPLY INC.,
Appellant,
*v.*
STEVE MARKS,
Appellee.

Opinion
No. 20150456-CA
Filed March 2, 2017

Fourth District Court, Provo Department
The Honorable Samuel D. McVey
No. 140400095

George L. Chingas Jr., Attorney for Appellant

Steven R. Sumsion and Kevin R. Worthy, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGE
STEPHEN L. ROTH and SENIOR JUDGE PAMELA T. GREENWOOD
concurred.[1]

ORME, Judge:

¶1 Rocky Mountain Builders Supply Inc. (RMBS) appeals the
district court's decision that a forum selection clause in RMBS's
contract with Steve Marks was unenforceable and that the court
lacked jurisdiction to hear the case. Because we conclude that the
forum selection clause was enforceable and that the district court
indeed had jurisdiction over Marks, we reverse and remand.

---

1. Senior Judge Pamela T. Greenwood sat by special assignment
as authorized by law. *See generally* Utah R. Jud. Admin. 11-
201(6).

¶2    This appeal arises out of a seemingly simple contract dispute between RMBS and Marks. RMBS, a Utah corporation, is a roofing contractor with its principal place of business in Utah. It has branch offices throughout the Intermountain West, including in Havre, Montana, and is licensed to do business in that state. Marks, a Montana resident, entered into a contract with RMBS on November 19, 2013, for the installation of new roofs on two gazebos and a shed at his Montana residence in exchange for payment of $14,000. Marks agreed to pay $2,800 up front and the remaining $11,200 upon completion. The form contract supplied by RMBS contained a forum selection clause designating Utah as the forum for resolution of any disputes between the parties arising from the contract. After installation was complete, a dispute arose between Marks and RMBS, and Marks refused to pay the balance due. In response, RMBS sued Marks in Utah's Fourth District Court.

¶3    Marks filed a motion to dismiss RMBS's complaint, which the district court granted on the ground that the forum selection clause was invalid and that, as a result, the court lacked personal jurisdiction over Marks. The district court concluded that because Marks was a private citizen rather than a business entity, because the contract was for work on a residential dwelling rather than a commercial property, and because the amount in issue was relatively small, it would be unreasonable to apply the forum selection clause to Marks. Citing Utah Code section 13-8-3, the court further noted that "Utah law would not enforce a forum selection clause selecting another state in a case involving Utah real estate" and suggested that it would therefore be "unjust to enforce such a clause in a contract involving real estate of another state." *Cf.* Utah Code Ann. § 13-8-3(2)(a)–(b) (LexisNexis 2013) ("A provision in a construction agreement requiring a dispute . . . to be resolved in a forum outside of this state is void and unenforceable" if the "work to be done and the equipment and materials to be supplied . . . involves a construction project in this state."). RMBS appealed.

¶4 "Where a pretrial jurisdictional decision has been made on documentary evidence only," as was the case here, "an appeal from that decision presents only legal questions that are reviewed for correctness." *Arguello v. Industrial Woodworking Machine Co.*, 838 P.2d 1120, 1121 (Utah 1992). In reviewing such a decision, we grant no deference to the district court. *See Falkenrath v. Candela Corp.*, 2016 UT App 76, ¶ 6, 374 P.3d 1028.

¶5 Because RMBS stated at oral argument that it does not challenge the district court's conclusion that Utah law governs, and because Marks does not raise a cross-appeal on that basis or otherwise challenge the district court's conclusion, we begin by assuming that the enforceability of the forum selection clause is to be interpreted according to Utah law.[2] In *Prows v. Pinpoint Retail Systems, Inc.*, 868 P.2d 809 (Utah 1993), the Utah Supreme Court adopted the standard of enforceability found in the Restatement. *Id.* This test requires an "agreement as to the place

---

2. The parties' position is understandable. The contract contains a choice of laws provision specifying that Utah law controls any dispute between the parties. Absent such a contractual provision, Utah courts typically apply the "most significant relationship" test to determine which state's laws should apply. *See American Nat'l Fire Ins. Co. v. Farmers Ins. Exch.*, 927 P.2d 186, 190–91 (Utah 1996). *See also* Restatement (Second) Conflict of Laws § 188(1) (Am. Law Inst. 1971) ("The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties[.]"). Given that the contract was formed in Montana between a Montana resident and a Montana-licensed contractor for work to be performed in Montana, which work was ultimately completed in Montana, it would seem that Montana had the "most significant relationship" to the transaction and that its law would apply, but for the contractual choice of laws provision.

of [an] action . . . [to] be given effect unless it is unfair or unreasonable." Restatement (Second) Conflict of Laws § 80 (Am. Law Inst. Supp. 1988). Here, the district court determined that, given the nature of the underlying dispute (i.e., one involving "someone who had work done on the roof of their . . . home") and "the amount at issue," "the burden of proceeding in Utah would impose a heavy financial and practical burden on [Marks]." Thus, the court held that Utah was "so seriously an inconvenient forum" that to require Marks to defend this lawsuit here would be unjust and that the forum selection clause was unenforceable, thus depriving the court of jurisdiction over Marks. We disagree.[3]

¶6     First, while RMBS is a corporate entity and thus may possess some degree of sophistication that Marks lacks, neither party has suggested to this court a reason why Marks was unable to negotiate with RMBS over the terms of the agreement. And seeing none, we decline to conclude that it is unfair, much less unreasonable, to apply the forum selection clause to him. *See John Call Eng'g, Inc. v. Manti City Corp.*, 743 P.2d 1205, 1208 (Utah 1987) ("[E]ach party has the burden to read and understand the terms of a contract before he or she affixes his or her signature to it. A party may not sign a contract and thereafter assert ignorance or failure to read the contract as a defense.").

---

3. In disagreeing with the district court's conclusion that it lacked jurisdiction, we do not mean to imply that its concern about Utah being a "seriously . . . inconvenient forum" is wholly irrelevant. Forum non conveniens is a well-established doctrine that allows a court *with jurisdiction* over a lawsuit to decline to exercise that jurisdiction, as a matter of discretion, "when the cause could better be tried in a more convenient court." *Summa Corp. v. Lancer Indus., Inc.*, 559 P.2d 544, 545–46 (Utah 1977). *Accord Energy Claims Ltd. v. Catalyst Inv. Group Ltd.*, 2014 UT 13, ¶¶ 19, 36, 44, 325 P.3d 70.

Second, and more importantly, the considerations that the district court identified in its decision—the involvement of Marks's home in the dispute; the relatively small sum at issue; and the fact that Marks is an individual, not a corporation—are not of the type that would cause the enforcement of a forum selection clause to be adjudged unfair or unjust. *Cf. Prows*, 868 P.2d at 813 (recognizing that where the enforcement of a forum selection clause would force a party to litigate two separate cases in two distant forums against two distinct parties, "only one of whom is present at each trial," and yet still "prov[e] a 'conspiracy' between [the] two," to enforce the clause would be "unjust and for all practical purposes den[y] [the party] his day in court"). Thus, there being no other reason to provide special protection to Marks,[4] the district court erred in concluding that the forum selection clause in the contract Marks signed was unenforceable.

¶7     Having determined that the forum selection clause is enforceable, we consider the district court's conclusion that it lacked personal jurisdiction over Marks and thus could not resolve the dispute between RMBS and Marks. Its jurisdictional

---

4. Although it may be true, as Marks argues, that if Marks were to "hire Montana lawyers and expert witnesses [those lawyers and witnesses would] charge prohibitively large sums to travel to Utah for court appearances," this clearly would not be the most prudent course. Thus, Marks engaged Utah counsel to handle his defense of the Utah action and this appeal. And it is far from obvious that "hiring Utah lawyers and expert witnesses to prepare for and attend trial" in Utah would be significantly more expensive to Marks than hiring Montana lawyers and expert witnesses to "prepare for and attend trial" in Montana— as Marks would do should the case proceed in his home state. Indeed, we were advised at oral argument that an action was brought in Montana, which is on hold pending our decision.

decision was largely a function of its conclusion that the clause was unenforceable, but our contrary decision implicates an additional analytic step.

¶8      In the case of an otherwise enforceable forum selection clause, "jurisdiction may be properly exercised as long as there is a rational nexus between the litigation and the State of Utah." *Jacobsen Constr. Co. v. Teton Builders*, 2005 UT 4, ¶ 7, 106 P.3d 719. Thus, the Utah Supreme Court has noted that

> under certain circumstances it may be reasonable for a resident of Colorado and a resident of Wyoming to bargain for a forum selection clause designating Utah as the appropriate forum for any dispute arising in relation to a contract to be performed in Nevada. A Utah court hearing a subsequent action brought pursuant to the contract could very well find that the forum selection clause was reasonable under the circumstances, but nevertheless decline to exercise jurisdiction over the matter due to the lack of a rational nexus to Utah.

*Id.* ¶ 42. A rational nexus exists when at least one party to the contract is a Utah resident. *See id.* ¶ 43. In this way, the rational nexus test "operates as a safety valve, providing a mechanism whereby Utah courts may decline to exercise jurisdiction when Utah has no real interest in the outcome of a given dispute." *Id.* ¶ 41.[5] Furthermore, the Supreme Court in *Jacobsen Construction* recognized that the Utah Legislature has clearly indicated that it

---

5. It is important to note that under *Jacobsen Construction v. Teton Builders*, 2005 UT 4, 106 P.3d 719, Utah courts may decline to exercise the jurisdiction they have, *see id.* ¶ 41, but the district court in this case erroneously concluded that it lacked jurisdiction and thus was *required* to dismiss the action.

is in "Utah's policy interest [to] provid[e] its residents with a forum in which they can pursue their legal claims." *Id.* ¶ 28; *see* Utah Code Ann. § 78B-3-201(2) (LexisNexis 2012) ("It is declared, as a matter of legislative policy, that the public interest demands the state provide its citizens with an effective means of redress against nonresident persons, who, through certain significant minimal contacts with this state, incur obligations to citizens entitled to the state's protection."). And the Supreme Court noted that this policy was "best served by enforcing [a] forum selection clause . . . and allowing [the Utah resident] to litigate its claims in its home state." *Jacobsen Constr.*, 2005 UT 4, ¶ 28.[6]

¶9　　The only distinctions Marks draws between this case and *Jacobsen Construction* are that here a relatively small sum of money is in dispute and that one of the parties to the contract was an individual rather than a business. But courts have not viewed these distinctions as dispositive in this context. *See, e.g.*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 592–93, 595 (1991) ("Including a reasonable forum clause in a form contract . . . may be permissible for several reasons[.]"); *Polzin v. Appleway Equip. Leasing, Inc.*, 2008 MT 300, ¶¶ 1–7, 24, 191 P.3d 476 (upholding a forum selection clause contained in "a standard contract" between a corporate seller and an individual for the purchase of a truck).

¶10　　Ultimately, a rational nexus exists in this case for the district court to exercise jurisdiction over Marks because RMBS is a Utah corporation and its principal place of business,

---

6. Following this conclusion, the Supreme Court in *Jacobsen Construction* rejected the argument that section 13-8-3 "codifies a more general Utah public policy declaring that construction disputes should be litigated in the state in which the project is located," 2005 UT 4, ¶ 27, an argument very similar to that advanced by Marks and embraced by the district court in this case.

corporate officers, and legal counsel are all in Utah. And enforcement of the forum selection clause is not unfair or unreasonable.[7]

¶11 The district court's dismissal is reversed. The case is remanded for further proceedings consistent with this opinion.

————————

7. We do not mean to imply, however, that we would conclude that personal jurisdiction existed over Marks in the absence of the forum selection clause's validity. Indeed, it is unlikely that jurisdiction could be established under Utah's long-arm statute. *See* Utah Code Ann. § 78B-3-205 (LexisNexis 2012).