No. 02-254

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 73

CIMMARON CORPORATION,
a Montana corporation,

Plaintiff and Appellant,

v.

HAROLD M. SMITH, individually,
GREGORY D. SMITH, individually, and
BUDGET READER'S SERVICE, INC.,
a Pennsylvania corporation,

Defendants and Respondents.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. CDV 2000-571(A)
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

K. Dale Schwanke, Brion C. Lindseth, Jardine, Stephenson, Blewett &
Weaver, Great Falls, Montana.

For Respondent:

Keith Strong, John Kutzman, Dorsey & Whitney, Great Falls, Montana

Submitted on Briefs:  October 10, 2002

Decided:   April 8, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Appellant Cimmaron Corporation (Cimmaron) filed a complaint against Respondents Budget Reader's Service, Inc. (Budget), Gregory D. Smith, and Harold M. Smith, in the Eighth Judicial District Court, Cascade County. The Respondents subsequently removed the case to federal court. However, after Cimmaron stipulated that its damages did not exceed $74,500.00, the case was remanded back to Montana state court. The Respondents then filed a motion to dismiss the case for lack of personal jurisdiction. The District Court granted the Respondents' motion, and Cimmaron appeals. We affirm.

¶2    We restate the sole issue on appeal as follows:

¶3    Did the District Court err in concluding that it lacked personal jurisdiction over the Respondents?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    Cimmaron is a Montana corporation with its principal place of business in Great Falls, Montana. Budget is a Pennsylvania corporation with its principal place of business in Washington, Pennsylvania. Budget is owned by Gregory Smith, who is a resident of Pennsylvania. In 1998, Budget entered into a collection agreement with Cimmaron, which provided that Budget would act as a collection agent for Cimmaron. Cimmaron also entered into a sales agreement which provided that Gregory's father, Harold Smith, would purchase several of Cimmaron's accounts receivable. Harold is a resident of Florida.

¶5    On June 29, 1999, Cimmaron filed a complaint in Montana state court against Budget,

2

Gregory, and Harold (the Respondents), which asserted eight claims, including breach of the collection agreement. The Respondents subsequently removed the case to the United States District Court for the District of Montana. On February 18, 2000, Judge Donald Molloy transferred the case to the United States District Court for the Western District of Pennsylvania. Cimmaron then voluntarily dismissed the case on March 6, 2000.

¶6 On June 30, 2000, Cimmaron filed a second complaint against the Respondents in Montana state court. Cimmaron's second complaint was nearly identical to its original complaint. The Respondents again removed the case to the United States District Court for the District of Montana. However, on October 31, 2000, Cimmaron stipulated that its damages did not exceed $74,500.00. The minimum amount in controversy necessary to confer federal diversity jurisdiction is $75,000.00. See 28 U.S.C. § 1332(a). Accordingly, Judge Richard Cebull remanded the case back to Montana state court that same day.

¶7 The Respondents filed a motion to dismiss the case for lack of personal jurisdiction on December 4, 2000. On March 26, 2002, the District Court issued an order, granting the Respondents' motion to dismiss. Cimmaron appealed the District Court's order on April 24, 2002.

**STANDARD OF REVIEW**

¶8 A district court's determination that it lacks jurisdiction is a conclusion of law which we review to ascertain whether the court's interpretation of the law is correct. *Seal v. Hart*, 2002 MT 149, ¶ 13, 310 Mont. 307, ¶ 13, 50 P.3d 522, ¶ 13.

3

**DISCUSSION**

¶9      Did the District Court err in concluding that it lacked personal jurisdiction over the Respondents?

¶10     This Court applies a two-part test to determine whether a Montana court can exercise personal jurisdiction over a non-resident defendant. *Threlkeld v. Colorado*, 2000 MT 369, ¶ 9, 303 Mont. 432, ¶ 9, 16 P.3d 359, ¶ 9.  First, we ascertain whether personal jurisdiction exists pursuant to Rule 4B(1), M.R.Civ.P.  Second, we determine whether exercising such personal jurisdiction conforms with the traditional notions of fair play and substantial justice embodied in the due process clause.  *Threlkeld*, ¶ 9.  Therefore, it is axiomatic that if personal jurisdiction does not exist under the first part of the test, further analysis under the second part of the test is unnecessary.  *Bi-Lo Foods, Inc. v. Alpine Bank, Clifton*, 1998 MT 40, ¶ 15, 287 Mont. 367, ¶ 15, 955 P.2d 154, ¶ 15.

¶11     Rule 4B(1), M.R.Civ.P., provides in pertinent part, that:

> All persons found within the state of Montana are subject to the jurisdiction of the courts of this state.  In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
>       (a) the transaction of any business within this state;
>
>       (b) the commission of any act which results in accrual within this state of a tort action[.]

¶12     The first sentence of Rule 4B(1), M.R.Civ.P., states the requirements for general jurisdiction.  The remainder of Rule 4B(1), M.R.Civ.P., states the requirements for specific long-arm jurisdiction.  See *Bi-Lo Foods*, ¶¶ 17-18.  In the instant case, the District Court

4

concluded that it did not have general jurisdiction over the Respondents because the Respondents were not "found within" Montana for purposes of Rule 4B(1), M.R.Civ.P. Cimmaron does not contest the District Court's conclusion regarding general jurisdiction. Therefore, we turn our attention to an analysis of whether the District Court lacked specific long-arm jurisdiction over the Respondents.

¶13   Subsection (a) of Rule 4B(1), M.R.Civ.P., grants Montana specific long-arm jurisdiction over claims which arise from "the transaction of any business **within this state**" (emphasis added). In the instant case, Gregory Smith traveled to Montana to negotiate the terms of the collection and sales agreements with Cimmaron. Accordingly, Cimmaron asserts that Gregory Smith personally, and on behalf of Budget and Harold Smith, transacted business within Montana by negotiating, signing and implementing the collection and sales agreements.

¶14   This Court has previously stated that: "[A] non-resident does not subject himself to the jurisdiction of Montana by merely entering into a contract with a resident of Montana." *Edsall Construction Co., Inc. v. Robinson* (1991), 246 Mont. 378, 382, 804 P.2d 1039, 1042. We have further stated that: "interstate communication is an almost inevitable accompaniment to doing business in the modern world, and cannot by itself be considered a 'contact' for justifying the exercise of personal jurisdiction." *Edsall*, 246 Mont. at 382, 804 P.2d at 1042 (citations omitted). Finally, we have concluded that personal jurisdiction is not acquired through interstate communications made pursuant to a contract that *is to be performed in another state*. *Bird v. Hiller* (1995), 270 Mont. 467, 473, 892 P.2d 931, 934.

¶15 In this case, the District Court noted that: (1) the Respondents' sole contacts with Montana are the agreements they entered into with Cimmaron; (2) the services that Budget was required to perform under the collection agreement were to be performed in Pennsylvania; (3) Cimmaron sent its account information to Budget in Pennsylvania in order to allow Budget to perform its services there under the collection agreement; and (4) all of the claims made by Cimmaron in its complaint pertain to actions the Respondents took, or failed to take, in Pennsylvania. Therefore, the District Court concluded that Cimmaron's claims against the Respondents did not arise from business that was transacted within Montana for purposes of Rule 4B(1)(a), M.R.Civ.P.

¶16 On appeal, Cimmaron has not cited to any evidence which indicates that the claims it asserted against the Respondents in its complaint arose from business that was transacted **within Montana** under the meaning of Rule 4B(1)(a), M.R.Civ.P. The District Court did not err in reaching the conclusion it reached, based upon the facts before it. Consequently, we find no basis upon which to reverse the District Court on this issue.

¶17 Subsection (b) of Rule 4B(1), M.R.Civ.P., grants Montana specific long-arm jurisdiction over claims which arise from "the commission of any act which results in accrual **within this state** of a tort action" (emphasis added). In this case, Cimmaron's second complaint contained seven claims, including conversion of funds and misappropriation of assets. Cimmaron concedes that the actions of the Respondents which gave rise to its claims occurred outside of Montana. However, Cimmaron alleges that because it was detrimentally affected within this state by the Respondents' actions, such actions resulted in the accrual

6

of a tort action within Montana for purposes of Rule 4B(1)(b), M.R.Civ.P.

¶18    This Court addressed a similar situation in *Bird*, 270 Mont. at 467, 892 P.2d at 931. In *Bird*, the Bird family retained Idaho attorney M. B. Hiller to represent them in a lawsuit which arose out of an automobile collision in Idaho. Hiller negotiated a settlement on behalf of the Birds; however, a disagreement arose over the amount of Hiller's fees. *Bird*, 270 Mont. at 468-69, 892 P.2d at 932. When the settlement checks arrived, the Birds' new attorney sent them to Hiller, asking Hiller to sign and return them. Hiller refused to return the checks to the Birds. *Bird*, 270 Mont. at 469-70, 892 P.2d at 932.

¶19    The Birds filed a complaint against Hiller in Montana state court, alleging that Hiller had committed conversion, theft, fraud and deceit with regard to the settlement funds. The District Court dismissed the Birds' complaint for lack of personal jurisdiction over Hiller. *Bird*, 270 Mont. at 470, 892 P.2d at 932. On appeal, the Birds argued that the tort of conversion accrued in Montana because Hiller had sent a letter to Montana, informing the Birds that he intended to retain the settlement funds. *Bird*, 270 Mont. at 472, 892 P.2d at 933. We rejected the Birds' argument, however, and held that the alleged conversion accrued in Idaho because Idaho is where Hiller came into possession of, and allegedly asserted unauthorized control over, the settlement funds. *Bird*, 270 Mont. at 472, 892 P.2d at 934, see also *Bi-Lo Foods*, ¶¶ 28-31 (citing *Bird* with approval).

¶20    In the instant case, as in *Bird*, the actions which gave rise to the alleged torts occurred outside of Montana, as the Respondents came into possession of, and allegedly misappropriated, Cimmaron's accounts receivable in Pennsylvania. Therefore, we hold that

7

the Respondents' actions did not result in the accrual of a tort action **within Montana**, for purposes of Rule 4B(1)(b), M.R.Civ.P.

¶21    Based upon the foregoing, we hold that the District Court did not err in concluding that it lacked personal jurisdiction over the Respondents.  The judgment of the District Court is affirmed.

/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER