DA 06-0357

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 128

PHILIP MILANOVICH,

      Plaintiff and Appellant,

   v.

CHARLES SCHNIBBEN, d/b/a
Heart and Land Ortho,

      Defendant and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
                    In and For the County of Lewis and Clark, Cause No. CDV-2003-662
                    Honorable Thomas C. Honzel, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Jonathan Motl, Reynolds, Motl and Sherwood, Helena, Montana

      For Respondent:

         Patrick T. Fleming, Fleming & O'Leary, PLLP, Butte, Montana

Submitted on Briefs:  May 1, 2007

Decided:  June 5, 2007

Filed:

_____
                       Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Plaintiff and appellant Philip Milanovich, an orthodontist, sued the defendant, Charles Schnibben, also an orthodontist and owner of Heart and Land Ortho. Milanovich, a resident of Montana, had agreed to work for Schnibben in Illinois as an independent contractor pursuant to a written contract signed by both parties. Schnibben terminated Milanovich's employment and Milanovich brought suit, in Montana district court, claiming breach of contract. Schnibben appeared through counsel and filed a motion to dismiss for lack of personal jurisdiction. The District Court granted Schnibben's motion to dismiss and Milanovich appealed, arguing that jurisdiction was acquired through a forum-selection clause in the contract. We reverse and remand.

¶2      We restate the issue as follows:

¶3      Did Schnibben knowingly consent to personal jurisdiction in Montana?

## BACKGROUND

¶4      Schnibben and Milanovich have known each other since 1964. Schnibben is an Illinois citizen and owns orthodontic practices located in Illinois, and, apparently, has no ties to Montana. Milanovich is a Montana citizen. In the spring of 2001, Schnibben proposed that Milanovich work for him in Illinois. On December 26, 2001, Schnibben and Milanovich signed an employment contract titled "Independent Contractor Agreement" wherein Milanovich agreed to work for Schnibben in Illinois. The agreement was drafted by Milanovich and reviewed by Schnibben. Some terms were handwritten and two of the handwritten terms were crossed out and rewritten. One of the crossed out terms was initialed by Milanovich and the other was initialed by Schnibben

2

and Milanovich.  The contract refers to Schnibben as "owner" and refers to Milanovich as "independent contractor."  The last section of the contract, paragraph 19, states, in pertinent part:

> Venue for enforcement of this contract shall be in the state district courts of Lewis and Clark County, Helena, Montana, or in the district of choice set by the independent contractor.

This paragraph is immediately followed by the date and signature lines.

¶5    In the late spring of 2002, Schnibben terminated the agreement and told Milanovich that he need not report for work.  On November 13, 2003, Milanovich sued Schnibben in Lewis and Clark County, claiming damages for breach of contract. Apparently it took some time to serve Schnibben, as the summons was issued on December 12, 2003, but not served until January 28, 2005.

¶6    On January 26, 2006, Schnibben, appearing through his attorney, moved to dismiss the complaint for lack of personal jurisdiction.  The parties submitted briefs and affidavits.  Schnibben, in his affidavit, claims that paragraph 19, the forum clause, was not explained to him and that he did not intend to waive his right to contest jurisdiction. Milanovich, on the other hand, recalls discussing the "venue clause" with Schnibben and explaining that "in the event of disagreement, [the parties] needed to use the Courts of Montana to resolve the disagreement."

¶7    The District Court granted Schnibben's motion to dismiss, concluding that the contract's forum clause did not give the court personal jurisdiction over Schnibben. Milanovich then filed this appeal.

3

¶8      A district court's determination that it lacks jurisdiction is a conclusion of law that we review to ascertain whether the court's interpretation of the law is correct. *Cimmaron Corp. v. Smith*, 2003 MT 73, ¶ 8, 315 Mont. 1, ¶ 8, 67 P.3d 258, ¶ 8 (citation omitted).

## DISCUSSION

¶9      **Did Schnibben knowingly consent to personal jurisdiction in Montana?**

¶10     Personal jurisdiction, as an individual right, can be waived by express or implied consent. *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 703, 102 S. Ct. 2099, 2105 (1982). As we noted in *May v. Figgins*, the general rule is that "parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . ." 186 Mont. 383, 394, 607 P.2d 1132, 1138 (1980) (quoting *National Equipment Rental v. Szukhent*, 375 U.S. 311, 316, 84 S. Ct. 411, 414 (1964)).

¶11     As such, forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913 (1972). A forum-selection clause will be found to be unreasonable and unenforceable if the agreement is not "deliberately and understandingly made," and if the contractual language does not "clearly, unequivocally and unambiguously express a waiver" of personal jurisdiction. *May*, 186 Mont. at 394, 607 P.2d at 1138-39.

¶12     In *May*, this Court considered whether a forum-selection clause in a collective bargaining agreement was valid. The clause was not found in the agreement itself, but in a pension trust fund's articles of trust that the agreement referenced. *May*, 186 Mont. at

4

384, 607 P.2d at 1133. The clause provided that the "County in which the particular Employment Contribution is payable shall be a proper county in which to institute legal proceedings . . . ." However, neither the agreement nor the articles of trust specified where the contributions were to be made. Only later did the "employer's monthly report" designate a Colorado bank as the depository bank. *May*, 186 Mont. at 385, 607 P.2d at 1133-34. Since the agreement did "not state specifically the county and state where legal proceedings are to be instituted," a conclusion that there was a sufficient waiver of personal jurisdiction would in effect give the trust fund "carte blanche to use contracts of adhesion to establish a right to sue defendants wherever would be most convenient . . . ." *May*, 186 Mont. at 395, 607 P.2d at 1139. We therefore held that the contractual provisions purporting to establish personal jurisdiction in an unspecified forum were unreasonable and unenforceable because the defendant had not clearly and knowingly waived his due process rights. *May*, 186 Mont. at 394-95, 607 P.2d at 1138-39.

¶13    Here, in contrast, the contract is not one of adhesion, but in fact is a negotiated contract between educated professionals and long-time acquaintances. The contract is a little over two pages long with legible print, and contains handwritten provisions for a signing bonus, a new car, and payment rates. In paragraph 9, where Milanovich's per diem pay is set out for the second year of the contract, the initial, handwritten offer of $3500 is crossed out, rewritten as $4500 to $5500 and initialed by both parties. The last page contains the forum clause which is immediately followed by the date and signature lines. We thus conclude that the forum clause was "deliberately and understandingly made."

5

¶14    We now turn to the language of the forum clause found at paragraph 19:

> Venue for enforcement of this contract shall be in the state district courts of Lewis and Clark County, Helena, Montana, or in the district of choice set by the independent contractor.

¶15    The District Court concluded that the forum clause is unclear and ambiguous. Specifically, the court determined that "venue" and "jurisdiction" are not the same and that the clause is ambiguous because "it states that venue is to be in Lewis and Clark County or, at Milanovich's choice, in some other unspecified district."

¶16    We disagree, and conclude that the language used in the forum clause is clear because it states "specifically the county and state where legal proceedings are to be instituted." The clause relates, in plain language, that the parties are agreeing to enforce the contract in the State of "Montana," County of "Lewis and Clark." Additionally, we do not agree that the use of "venue" as opposed to "jurisdiction" is problematic. "Venue," in its common usage, means the place where an event is to take place, as in a "concert venue." As neither party is a lawyer, we assume they understood the term by its common meaning. Even if not, for venue to be in Lewis and Clark County, jurisdiction must of necessity be in Montana.

¶17    Still, the clause goes on to provide an option, "or in the district of choice set by the independent contractor." This language, at first glance, seems to grant Milanovich the "right to sue defendants wherever would be most convenient" for Milanovich. However, the forum clause in this case is free of the open-ended language that plagued the clause in *May*. First, Milanovich brought suit in Lewis and Clark County as clearly contemplated by the first part of the clause. Second, the clause limits Milanovich's options to a state

6

district court *in Montana*.  All district courts in Montana have the same jurisdiction.  In return for Milanovich's agreement to work at Schnibben's Illinois offices, Schnibben agreed to have contractual disputes resolved in Montana.

¶18    We hold that Schnibben knowingly consented to personal jurisdiction in Montana by agreeing to the clear and unambiguous forum-selection clause found at paragraph 19 of the employment contract.  We reverse and remand for further proceedings consistent with this Opinion.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE

7