Justice Laurie McKinnon delivered the Opinion of the Court.
**447 ¶ 1 Eddie M. DeLeon, Jason Kingery, and Steve Paul Beck (collectively, Plaintiffs) each filed suit against BNSF Railway Company (BNSF) in Montana's Thirteenth Judicial District Court, Yellowstone County, for injuries allegedly sustained while working for BNSF in states other than Montana. BNSF moved to dismiss Plaintiffs' claims for lack of personal jurisdiction. The District Court granted BNSF's motions to dismiss and each Plaintiff appealed. We address the following issue in Plaintiffs' consolidated appeal:
*4 Does a company consent to general personal jurisdiction in Montana when it registers to do business and voluntarily conducts business activities in Montana?
¶ 2 We conclude a company does not consent to general personal jurisdiction by registering to do business in Montana and voluntarily conducting in-state business activities. We therefore affirm the District Court's orders granting BNSF's motions to dismiss for lack of personal jurisdiction.
FACTUAL AND PROCEDURAL BACKGROUND
¶ 3 Plaintiffs each filed Federal Employers' Liability Act (FELA) negligence claims against BNSF in Montana's Thirteenth Judicial District Court, Yellowstone County. BNSF is a rail carrier incorporated in Delaware with its principal place of business in Texas. BNSF does business in Montana: it has 2,061 miles of railroad track in Montana; employs approximately 2,100 workers in Montana; maintains an **448 automotive facility in Montana; and generates less than 10% of its total revenue in Montana. BNSF Ry. Co. v. Tyrrell , 581 U.S. ----, ----, 137 S.Ct. 1549, 1554, 198 L.Ed.2d 36 (2017). In order to lawfully conduct its business activities in Montana, BNSF registered to do business and designated an in-state agent for service of process.
¶ 4 In December 2011, plaintiff Kingery, a Missouri resident, filed to recover for injuries he allegedly sustained while working for BNSF outside of Montana. In June 2013, plaintiff DeLeon, a Texas resident, filed to recover for injuries he allegedly sustained while working for BNSF in Texas. In January 2014, plaintiff Beck, a Texas resident, filed to recover for injuries he allegedly sustained while working for BNSF in Texas. Thereafter, Plaintiffs' cases followed substantially similar procedural paths.
¶ 5 BNSF moved to dismiss Plaintiffs' claims pursuant to M. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiffs responded to BNSF's motions to dismiss, maintaining Montana had personal jurisdiction over BNSF because the rail carrier consented to general personal jurisdiction in Montana when it registered to do business and subsequently conducted in-state business activities. The District Court determined BNSF did not consent to personal jurisdiction in Montana and accordingly dismissed Plaintiffs' claims for lack of personal jurisdiction. Plaintiffs appeal.
STANDARD OF REVIEW
¶ 6 The determination of personal jurisdiction is a question of law that we review de novo. Tackett v. Duncan , 2014 MT 253, ¶ 16, 376 Mont. 348, 334 P.3d 920. A motion to dismiss is construed in the light most favorable to the nonmoving party and a court will not grant one unless, taking all well-pleaded allegations of fact as true, it appears beyond doubt that no set of facts supports the claim of relief. Buckles v. Cont'l Res., Inc. , 2017 MT 235, ¶ 9, 388 Mont. 517, 402 P.3d 1213.
DISCUSSION
¶ 7 Personal jurisdiction refers to a court's power over the parties in a proceeding. Personal Jurisdiction , Black's Law Dictionary (10th ed. 2014). We distinguish between general (i.e., all-purpose) and specific (i.e., case-linked) personal jurisdiction. Buckles , ¶ 12 ; M. R. Civ. P. 4(b)(1). General personal jurisdiction is premised upon the defendant's relationship to the forum state, while specific personal jurisdiction is premised upon the defendant's relationship to both the forum state and the particular cause of action.
**449 ¶ 8 General personal jurisdiction exists when a corporation's affiliations with Montana are so continuous and systematic as to render it essentially at home in Montana. See BNSF , 581 U.S. at ----, 137 S.Ct. at 1558 ; Daimler AG v. Bauman , 571 U.S. 117, 138-39, 134 S.Ct. 746, 761, 187 L.Ed.2d 624 (2014) ; Goodyear Dunlop Tires Operations, S.A. v. Brown , 564 U.S. 915, 919, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011). A corporation is essentially at home where it is incorporated; where it maintains its principal place of business; or, in exceptional cases, where its continuous and systematic affiliations with the state render it essentially at *5 home-where its continuous corporate operations are "so substantial and of such a nature as to justify suit ... on causes of action arising from dealings entirely distinct from those activities ." Daimler , 571 U.S. at 138-39, 134 S.Ct. at 761 (quoting International Shoe Co. v. Washington , 326 U.S. 310, 318, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945) ) (emphasis and omission in original); accord BNSF , 581 U.S. at ----, 137 S.Ct. at 1558. If a Montana court has general personal jurisdiction over a defendant, the court may adjudicate any claim against that defendant, regardless of where the cause of action arose. See King v. Am. Family Mut. Ins. Co. , 632 F.3d 570, 579 (9th Cir. 2011). BNSF-which is incorporated in Delaware with its principal place of business in Texas-is not subject to general personal jurisdiction in Montana. BNSF , 581 U.S. at ----, 137 S.Ct. at 1559.
¶ 9 Specific personal jurisdiction, on the other hand, exists when the suit itself "arises from the specific circumstances set forth in Montana's long-arm statute, M. R. Civ. P. 4(b)(1)." Buckles , ¶ 15. The exercise of specific personal jurisdiction "depends on whether the defendant's 'suit-related conduct' created a substantial connection with" Montana. Tackett , ¶ 19 (quoting Walden v. Fiore , 571 U.S. 277, 284, 134 S.Ct. 1115, 1121, 188 L.Ed.2d 12 (2014) ). Therefore, a Montana court has specific personal jurisdiction over a defendant only when both the defendant and the underlying controversy are appropriately affiliated with Montana. Tackett , ¶ 19 (citing Daimler , 571 U.S. at 133, 134 S.Ct. at 758 (stating that specific personal jurisdiction focuses on the "relationship among the defendant, the forum, and the litigation") ). If a Montana court has specific personal jurisdiction over a defendant, the court may adjudicate only those particular claims against the defendant-the defendant is not subject to suit in Montana for unrelated conduct. In this case, Plaintiffs' alleged injuries did not arise from BNSF's activities in Montana and, therefore, Montana courts do not have specific personal jurisdiction over BNSF.
¶ 10 A court's exercise of personal jurisdiction over a defendant, **450 whether general or specific, is limited by the Fourteenth Amendment's Due Process Clause. U.S. Const. amend. XIV. A defendant must have "certain minimum contacts [with Montana] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " Tackett , ¶ 18 (quoting Walden , 571 U.S. at 283, 134 S.Ct. at 1121 (quoting Int'l Shoe , 326 U.S. at 316, 66 S.Ct. at 158 ) ); see also Daimler , 571 U.S. at 126, 134 S.Ct. at 754 (quoting Goodyear , 564 U.S. at 923, 131 S.Ct. at 2853 ). We generally apply a two-step test to determine whether a Montana court may exercise personal jurisdiction over a nonresident defendant. Milky Whey, Inc. v. Dairy Partners, LLC , 2015 MT 18, ¶ 18, 378 Mont. 75, 342 P.3d 13 ; Tackett , ¶ 22. First, we determine whether personal jurisdiction exists under Montana's long-arm statute, M. R. Civ. P. 4(b)(1). Milky Whey , ¶ 18. If the first step is satisfied, we then determine whether exercising personal jurisdiction over the defendant is constitutional-whether it conforms with "the traditional notions of fair play and substantial justice embodied in the due process clause." Milky Whey , ¶ 18 (quoting Cimmaron Corp. v. Smith , 2003 MT 73, ¶ 10, 315 Mont. 1, 67 P.3d 258 ).
¶ 11 However, personal jurisdiction is an individual right and, as such, a defendant may either expressly or impliedly consent to a court's personal jurisdiction and thereby waive his due process rights. Milanovich v. Schnibben , 2007 MT 128, ¶ 10, 337 Mont. 334, 160 P.3d 562 (citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee , 456 U.S. 694, 703, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982) ). Consent jurisdiction is an independent basis for jurisdiction. Therefore, our standard two-step personal jurisdiction analysis is not applicable where neither general nor specific personal jurisdiction exists under M. R. Civ. P. 4(b)(1) and a defendant allegedly consented to personal jurisdiction in Montana. The principle underlying personal jurisdiction is to ensure a defendant's due process rights are protected-that a court's jurisdiction over it comports with fair play and substantial justice. Int'l Shoe , 326 U.S. at 316, 66 S.Ct. at 158. Where personal jurisdiction is premised upon consent, a defendant's due process rights are satisfied because it is just and fair to require *6 a defendant to defend a suit in a forum to which it previously agreed. Thus, when a defendant allegedly consents to or waives personal jurisdiction, the inquiry turns on the facts and circumstances of the case and the nature and terms of the waiver, that is, whether the defendant knowingly waived its constitutional due process protections.
¶ 12 A defendant may consent to or waive personal jurisdiction in **451 various ways. For example, a defendant waives its right to object to the court's exercise of personal jurisdiction if it fails to timely raise the issue in its initial response. M. R. Civ. P. 12 ; Garza v. Forquest Ventures, Inc. , 2015 MT 284, ¶ 43, 381 Mont. 189, 358 P.3d 189 ; Milky Whey , ¶ 9. A defendant may also consent to personal jurisdiction by signing a contract containing a forum-selection clause. Milanovich , ¶¶ 10-11. Parties thereby agree to a particular court's jurisdiction regarding any disputes arising from that contract. See Nat'l Equip. Rental, Ltd. v. Szukhent , 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964) ("[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court.").
¶ 13 In those instances, a defendant controls a specific waiver of its due process rights: it either waives its right to object to personal jurisdiction in one proceeding by not timely raising the issue, or it consents to the court's jurisdiction over disputes arising from one contract. Because a defendant waives its constitutional due process protections by consenting to personal jurisdiction, due process is not offended by those types of specific, knowing waivers. See Garza , ¶ 43, Milanovich , ¶ 10 ; see also Burger King Corp. v. Rudzewicz , 471 U.S. 462, 472 n.14, 105 S.Ct. 2174, 2184 n.14, 85 L.Ed.2d 528 (1985) ("Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process.") (internal citation omitted).
¶ 14 Consent jurisdiction is, by definition, jurisdiction "that parties have agreed to, either by accord, by contract, or by general appearance." Consent Jurisdiction , Black's Law Dictionary (10th ed. 2014) (emphasis added). Because it is based on the parties' approval and agreement, the scope of the consent must be defined and limited accordingly. See WorldCare Ltd. Corp. v. World Ins. Co. , 767 F.Supp.2d 341, 355 (D. Conn. 2011). While "consent may be implied under certain circumstances, ... the implication must be predictable to be fair." WorldCare , 767 F.Supp.2d at 355. Essentially, a defendant must be on some sort of notice that its actions may be construed as consent to personal jurisdiction.
¶ 15 Plaintiffs ask us to contemplate a different type of consent jurisdiction: registration-based consent. They contend BNSF consented to general personal jurisdiction in Montana by registering to do business and subsequently conducting in-state business activities. Registration-based consent is distinguishable from other types of consent jurisdiction in its breadth. It permits a court to obtain general personal jurisdiction over a defendant-it is not limited to one case or **452 one contract. Here, we must determine whether a defendant's act of registering to do business in Montana, and then subsequently conducting in-state business activities, is a constitutionally permissible manner of finding consent to personal jurisdiction.
¶ 16 Personal jurisdiction used to be tied directly to a defendant's presence within the forum state. Pennoyer v. Neff , 95 U.S. 714, 722-23, 24 L.Ed. 565 (1878). Service of process on a defendant physically present in the forum state conferred personal jurisdiction on that defendant. Pennoyer , 95 U.S. at 723-24. That type of territorial approach limited personal jurisdiction over corporations which, pursuant to state statutes, were usually only "present" in their state of incorporation and, accordingly, could not be served in other states, even those in which they conducted significant business. See Segregated Account of Ambac Assur. Corp. v. Countrywide Home Loans , 376 Wis.2d 528, 898 N.W.2d 70, 75 (2017). To counteract that problem, states enacted registration statutes requiring foreign corporations to appoint in-state registered agents to receive service of process. These registration statutes were designed to allow states to confer specific personal jurisdiction *7 over foreign corporations. Morris & Co. v. Skandinavia Ins. Co. , 279 U.S. 405, 408-09, 49 S.Ct. 360, 361, 73 L.Ed. 762 (1929) ("The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts in controversies growing out of transactions within the [s]tate .") (emphasis added).
¶ 17 In 1945, the United States Supreme Court decided International Shoe Company v. Washington , in which the Court directed its personal jurisdiction analysis away from the territorial approach towards the modern-day, contacts-focused analysis. Int'l Shoe , 326 U.S. at 316-17, 66 S.Ct. at 158. The Court has since further emphasized that the means of service of process and the scope of personal jurisdiction are distinct legal concepts: a defendant must receive adequate notice through proper service and be subject to the court's personal jurisdiction. World-Wide Volkswagen Corp. v. Woodson , 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).
¶ 18 Plaintiffs now allege that a foreign corporation's compliance with registration statutes, which were initially enacted to ensure proper service of process on foreign corporations at a time when personal jurisdiction was tied to service, plus in-state business activity, equates to consent to general personal jurisdiction in Montana. Because a foreign corporation must comply with Montana's registration requirements to lawfully do business in Montana, the implication of **453 Plaintiffs' legal theory is that every foreign corporation lawfully conducting business in Montana consented to general personal jurisdiction when it registered to do business in the state.
¶ 19 Montana's registration statutes clearly distinguish between service of process and the scope of personal jurisdiction. To transact business in Montana, a foreign corporation must obtain a certificate of authority to do business in the state. Section 35-1-1026(1), MCA. To obtain a certificate of authority, a foreign corporation must appoint a registered agent for service of process. Section 35-1-1028, MCA (application for certificate of authority); § 35-7-105, MCA (appointment of registered agent); § 35-7-113, MCA (service of process on entities). However, Montana's registration statutes specifically provide that the appointment of a registered agent "does not by itself create the basis for personal jurisdiction over the represented entity in this state." Section 35-7-115, MCA (emphasis added). This express jurisdictional limitation appropriately ensures that service of process and the scope of personal jurisdiction remain separate legal concepts. Nothing puts a corporation on notice that, by appointing a registered agent to receive service of process in Montana, it is consenting to general personal jurisdiction in Montana. In fact, the statute explicitly tells corporations that they are not subject to personal jurisdiction in Montana based solely on their appointment of a registered agent. Section 35-7-115, MCA.[1]
¶ 20 Plaintiffs argue § 35-7-115, MCA, simply prohibits finding jurisdiction based on registration "by itself," and that the combination of (1) registering to do business in Montana and (2) actually conducting business activities in Montana constitutes consent to general personal jurisdiction. They contend a 2011 decision by the Ninth Circuit Court of Appeals, **454 King v. American Family Mutual Insurance Company , 632 F.3d at 578, set forth a two-prong test for registration-based *8 consent jurisdiction: (1) appointment of a registered agent; and (2) transaction of business in the forum state. BNSF points out that King actually presents no such test-Plaintiffs extracted their two-prong test from language in King stating, "[A]ppointment of an agent for service of process does not, standing alone, subject foreign corporations to jurisdiction in Montana for acts performed outside of Montana, at least when the corporations transact no business in the state." King , 632 F.3d at 578.
¶ 21 We reject Plaintiffs' argument that BNSF's business activities in Montana, which are insufficient to confer general personal jurisdiction over BNSF, combined with BNSF's appointment of a registered agent for service of process, which does not "by itself create the basis for personal jurisdiction," are somehow, taken together, enough to confer general personal jurisdiction over BNSF. See BNSF , 581 U.S. at ----, 137 S.Ct. at 1559 (concluding BNSF is not subject to general personal jurisdiction in Montana); § 35-7-115, MCA ("The appointment ... of a registered agent does not by itself create the basis for personal jurisdiction over the represented entity in this state."). As BNSF stated in its briefing, "Zero plus zero is still zero." There is no practical difference between exercising general personal jurisdiction over a foreign corporation merely doing business in Montana and exercising general personal jurisdiction over a foreign corporation doing business in Montana that has also appointed an agent for service of process-a corporation must appoint an agent in order to lawfully conduct business in Montana.
¶ 22 In support of their position, Plaintiffs urge us to follow two pre- International Shoe United States Supreme Court decisions, Neirbo Company v. Bethlehem Shipbuilding Corporation and Pennsylvania Fire Insurance Company v. Gold Issue Mining and Milling Company , contending the cases support their argument. See Neirbo Co. v. Bethlehem Shipbuilding Corporation , 308 U.S. 165, 174-75, 60 S.Ct. 153, 158, 84 L.Ed. 167 (1939) (holding a corporation expressly consented to personal jurisdiction in New York by designating a registered agent to accept service of process); Pennsylvania Fire Ins. Co. of Philadelphia v. Gold Issue Min. & Mill. Co. , 243 U.S. 93, 94-96, 37 S.Ct. 344, 345, 61 L.Ed. 610 (1917) (concluding an Arizona corporation consented to jurisdiction in Missouri when it appointed an agent to accept service of process as statutorily required). However, the Supreme Court recently cautioned against relying on cases decided pre- International Shoe due to concerns that such cases were "decided in the era dominated by ... territorial thinking." Daimler , 571 U.S. at 138 n.18, 134 S.Ct. at 761 n.18 (referring to **455 Pennoyer , 95 U.S. at 722-24 ). We decline to follow Neirbo and Pennsylvania Fire to the extent they permit us to find registration-based consent to personal jurisdiction. The Supreme Court decided both cases before International Shoe , and they therefore do not hold significant precedential weight in our nation's personal jurisdiction jurisprudence. See Daimler , 571 U.S. at 138 n.18, 134 S.Ct. at 761 n.18.
¶ 23 Further, extending general personal jurisdiction over all foreign corporations that registered to do business in Montana and subsequently conducted in-state business activities would extend our exercise of general personal jurisdiction beyond the narrow limits recently articulated by the Supreme Court. BNSF , Daimler , and Goodyear all explain that subjecting a corporation to general personal jurisdiction everywhere it does business is inconsistent with due process. BNSF , 581 U.S. at ----, 137 S.Ct. at 1558 ; Daimler , 571 U.S. at 129, 134 S.Ct. at 755-56 ; Goodyear , 564 U.S. at 927-28, 131 S.Ct. at 2856 (stating that Perkins v. Benguet Consol. Mining Co. , 342 U.S. 437, 448, 72 S.Ct. 413, 420, 96 L.Ed. 485 (1952), is the "textbook case of general jurisdiction appropriately exercised over a foreign corporation") (internal quotations and citations omitted).[2] Corporations must be able "to structure their primary *9 conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." Daimler , 571 U.S. at 139, 134 S.Ct. at 762 (quoting Burger King , 471 U.S. at 472, 105 S.Ct. at 2182 ). Every state requires foreign corporations doing in-state business to register with the state and appoint a registered agent to receive service of process. See Tanya J. Monestier, Registration Statutes, General Jurisdiction, and the Fallacy of Consent , 36 Cardozo L. Rev. 1343, 1363 n.109 (2015) (listing all fifty states' registration statutes). If a corporation consents to general personal jurisdiction by registering to do business in Montana, then the corporation has no genuine, meaningful choice to not consent to jurisdiction, aside from refraining from doing business in Montana. Reading our registration statutes to confer general personal jurisdiction over foreign corporations would swallow the Supreme Court's due process limitations on the exercise of general personal **456 jurisdiction, and we accordingly refuse to do so.
¶ 24 We also recognize that adopting registration-based consent to general personal jurisdiction would render our long-arm statute's specific personal jurisdiction provisions superfluous. M. R. Civ. P. 4(b)(1)(A) provides that a corporation is "subject to the jurisdiction of Montana courts as to any claim for relief arising from ... the transaction of any business within Montana." If a corporation is subject to general personal jurisdiction based on its registration to do business and subsequent in-state business activities, M. R. Civ. P. 4(b)(1)(A) would be unnecessary-a corporation lawfully conducting business activities in Montana would be subject to personal jurisdiction in Montana based on claims arising from its transaction of business anywhere, not only in Montana. We cannot harmonize our long-arm statute's specific personal jurisdiction provisions with Plaintiffs' proposed registration-based consent to general personal jurisdiction.
¶ 25 In light of Montana's registration statutes and the constitutional limitations on the exercise of general personal jurisdiction, we conclude that registering to do business in Montana and subsequently conducting in-state business activities does not amount to consent to general personal jurisdiction in Montana. BNSF's contacts to Montana are not significant enough to render it at home for purposes of general personal jurisdiction, Plaintiffs' claims do not arise from BNSF's activity in Montana for purposes of specific personal jurisdiction, and BNSF did not consent to personal jurisdiction in Montana. Construing BNSF's motion to dismiss in the light most favorable to Plaintiffs and taking all well-pleaded allegations as true, it appears beyond doubt that no set of facts supports Plaintiffs' claims for relief because BNSF is not subject to personal jurisdiction in Montana on Plaintiffs' claims. See Buckles , ¶ 9. Accordingly, we affirm the District Court's orders granting BNSF's motions to dismiss Plaintiffs' claims for lack of personal jurisdiction and find the court did not error by denying Plaintiffs jurisdictional discovery.
¶ 26 Finally, we address Plaintiffs' arguments that BNSF is judicially, collaterally, and equitably estopped from denying it consented to personal jurisdiction. Plaintiffs reason that BNSF should be estopped from denying jurisdiction because BNSF consented to personal jurisdiction in Montana in past litigation and because Plaintiffs have spent significant resources litigating their cases up to this point. Those arguments are unpersuasive. BNSF is free to waive its due process protections and consent to personal jurisdiction in any case in which it chooses. The fact that BNSF may have consented to personal jurisdiction in the past does not necessitate it to do so now. We **457 recognize that Plaintiffs have spent significant resources litigating their cases thus far and that the District Court stayed the proceedings pending the United States Supreme Court's review of our 2016 decision Tyrrell v. BNSF Ry. Co. , 2016 MT 126, ¶ 19, 383 Mont. 417, 373 P.3d 1 (2016), rev'd , 581 U.S. at ----, 137 S.Ct. at 1549. While it is unfortunate that Plaintiffs will have to re-litigate their claims in other jurisdictions, Plaintiffs initially chose to file their claims in Montana state court, thus subjecting their claims to the possibility that they could be dismissed for lack of personal jurisdiction. Finding that BNSF is estopped from denying jurisdiction would violate the constitutional rights the Legislature sought to protect by disallowing registration-based *10 consent jurisdiction, and we accordingly decline to do so.
CONCLUSION
¶ 27 Based on Montana's registration statutes and the constitutional due process limitations on personal jurisdiction, a foreign corporation does not consent to general personal jurisdiction in Montana when it registers to do business in Montana and then voluntarily conducts in-state business activities. Accordingly, BNSF did not consent to general personal jurisdiction by registering to do business in Montana and voluntarily conducting in-state business activities. Further, BNSF is not estopped from denying it consented to personal jurisdiction. The District Court's orders granting BNSF's motions to dismiss for lack of personal jurisdiction are affirmed.
We concur:
MIKE McGRATH, C.J.
JIM RICE, J.
JAMES JEREMIAH SHEA, J.
INGRID GUSTAFSON, J.

The Legislature adapted § 35-7-115, MCA, from the Model Registered Agents Act (Model Act). At least ten other jurisdictions also adapted their registration statutes from the Model Act. See Ark. Code Ann. § 4-20-115 ; Haw. Rev. Stat. § 425R-12 ; Idaho Code § 30-21-414 ; Me. Rev. Stat. Ann. 5 § 115 ; Miss. Code Ann. § 79-35-15 ; Nev. Rev. Stat. Ann. § 77.440 ; N.D. Cent. Code Ann. § 10-01.1-15; S.D. Codified Laws § 59-11-21 ; Utah Code Ann. § 16-17-401 ; D. C. Code § 29-104.14. Not one of those jurisdictions has construed its statutes as bestowing registration-based general personal jurisdiction on foreign corporations. See Antoon v. Securus Techs., Inc. , No. 5:17-CV-5008, 2017 WL 2124466, at *3 (W.D. Ark. May 15, 2017). In fact, the Delaware Supreme Court cited the Model Act as an example of a statute prohibiting registration-based consent to general personal jurisdiction. See Genuine Parts Co. v. Cepec , 137 A.3d 123, 144 n.114 (Del. 2016) ("Adding similar language to [Delaware's registration statute] would help dispel any potential uncertainty on the part of foreign corporations as to the effect of complying with Delaware's registration statutes on personal jurisdiction.").

See also Brown v. Lockheed Martin Corp. , 814 F.3d 619, 640 (2d Cir. 2016) ("If mere registration and the accompanying appointment of an in-state agent-without an express consent to general jurisdiction-nonetheless sufficed to confer general jurisdiction by implicit consent, every corporation would be subject to general jurisdiction in every state in which it registered, and Daimler 's ruling would be robbed of meaning by a back-door thief.").