## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50956

| | |
|---|---|
| In the Matter of John Doe I, A Child Under Eighteen (18) Years of Age. ) | |
| JANE DOE, ) | Filed: October 26, 2023 |
| ) | |
| Petitioner-Respondent, ) | Melanie Gagnepain, Clerk |
| ) | |
| v. ) | THIS IS AN UNPUBLISHED |
| ) | OPINION AND SHALL NOT |
| JOHN DOE (2023-30), ) | BE CITED AS AUTHORITY |
| ) | |
| Respondent-Appellant. ) | |
| ) | |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie R. Tucker, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Aaron Bazzoli, Chief Canyon County Public Defender; Alex W. Brockman, Deputy Public Defender, for appellant.

Bob Pangburn, Boise, for respondent.

_____

LORELLO, Chief Judge

John Doe (2023-30) appeals from the judgment terminating his parental rights. We affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

John Doe (Doe) and Jane Doe (Jane) married in 2016 and had a child, but the relationship subsequently deteriorated. Nevertheless, Doe was reportedly a nurturing father; he was hands-on and protective of the child. Doe's relationship with the child was described as "exceptional." However, in July 2017, Doe was arrested following an investigation that revealed he possessed child pornography. Doe was charged with and found guilty of multiple counts of sexual exploitation of a child for possessing child pornography and battery with the intent to commit a

1

serious felony for an incident involving Doe's sexual touching of his sister. Doe received a ten-year prison sentence for possession of child pornography and a consecutive twenty-year sentence for battery with intent to commit a serious felony. Doe testified that he takes full responsibility for his actions and voluntarily enrolled in classes offered by the Idaho Department of Correction. Doe is involved in sex-offender treatment and receives programming for his underlying offenses. Doe testified that he "never stopped trying" to be the child's father and hopes to continue his relationship with the child and remain part of the child's life. Doe has been incarcerated since his arrest, and his first opportunity for parole is in October 2027.

Following Doe's incarceration, Jane continued her relationship with him and facilitated visitation between Doe and the child, both in person and over the phone. In 2018, however, Jane began a new relationship and she filed for divorce in 2019. The divorce was contentious as a result of disputes over property division and custodial rights of the child. While the divorce was pending, Doe harassed Jane via telephone. The harassment prompted Jane to get both a civil protection order and a no-contact order against Doe. Jane was ultimately awarded sole legal and physical custody of the child, and visitation between the child and Doe was left to Jane's discretion.

In March 2022, Jane remarried. Jane and her husband have a daughter in common and live with both children and Doe's mother. Jane is reported to be a good mother and is involved in her children's lives. Jane's husband is self-employed and the "breadwinner" for the family. Jane's husband has two theft-related felony convictions, but he reported he is compliant with probation and was scheduled to be released from probation in June 2023. Jane's husband described a positive father-son relationship with the child. Ultimately, Jane's husband hopes to adopt the child.

In April 2022, Jane filed a petition seeking to terminate Doe's parental rights. After finding by clear and convincing evidence that Doe neglected the child; that he is unable to discharge parental responsibilities, which inability will continue for a prolonged indeterminate period due to Doe's incarceration; and that termination is in the child's best interests, the magistrate court terminated Doe's parental rights. Doe appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a

reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *State v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *Roe v. Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

### III.

### ANALYSIS

Doe challenges the sufficiency of the evidence supporting the magistrate court's finding that termination of his parental rights is in the child's best interests. Jane responds that clear and convincing evidence supports the magistrate court's termination decision. We affirm the termination of Doe's parental rights.

### A.      Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *Doe v. Dep't of Health & Welfare*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386,

3

146 P.3d at 652. Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

In this case, the magistrate court terminated Doe's parental rights because it found that he neglected the child. Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate court found that Jane demonstrated by clear and convincing evidence that Doe neglected the child by failing to provide proper parental care and control necessary for the child's well-being. Specifically, the magistrate court noted that Doe has been incarcerated since the child was seven months old. The child was six years old at the time of the termination trial. Because of Doe's incarceration, he has been unable to provide for any of the child's basic needs. The magistrate court found that, over the prior six years, Doe failed to provide shelter, financial support, sustenance, or supplies to the child. Doe also failed to be involved in the child's educational or medical care since Doe's incarceration. Because of the child's young age, the magistrate court found it would be detrimental to the child's health and well-being to be without a caregiver to provide food, shelter, support, and care. The magistrate court concluded that Doe's omission of parental care toward the child constituted neglect and was grounds to terminate his parental rights.

The magistrate court also found that Jane demonstrated by clear and convincing evidence that Doe is unable to discharge his parental responsibilities to the child and that such inability will continue for a prolonged indeterminate period of time that would be detrimental to the child's well-being. Doe has been incarcerated for almost the entirety of the child's life and will continue

4

to be incarcerated until at least 2027. Doe is unable to support the child physically or financially while he is incarcerated. The magistrate court further found that Doe has been unable to maintain a relationship with the child through visitation due to both the logistical difficulties and Doe's own harassment of Jane. Because it is unclear when, or if, Doe will be in a position to exercise his parental responsibilities to the child, the magistrate court determined that Doe's lengthy prison sentence left the child without the benefit of his parental care and support.

On appeal, Doe has not challenged these findings and, thus, we will not presume they are erroneous. *See Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 892, 436 P.3d 1232, 1241 (2019). These findings provide substantial and competent evidence for the magistrate court's conclusion that Doe neglected the child under I.C. § 16-1602(31)(a). *See Idaho Dep't of Health & Welfare v. Doe (2017-5)*, 162 Idaho 400, 404, 397 P.3d 1159, 1163 (Ct. App. 2017) (holding that the inability to provide care for a child due to incarceration constitutes neglect).

## B.     Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *Tanner v. State, Dep't of Health & Welfare*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *Doe (2015-03) v. Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *Idaho Dep't of Health & Welfare v. Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *Idaho Dep't of Health & Welfare v. Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found by clear and convincing evidence that terminating Doe's parental rights is in the child's best interests. Due to his crimes, the magistrate court found that Doe is not ready or able to be an appropriate parental presence in the child's life. For the prior six years, Doe had not provided for the child's care, and it will be several years before Doe might be able to discharge his parental responsibilities to the child. The magistrate court also considered

the lack of a relationship between the child and Doe. The magistrate court found that Doe impeded any relationship he might have had with the child due to Doe's poor behavior during his divorce from Jane. Additionally, the magistrate court found Doe's crimes troubling. Because of his crimes, Doe is a convicted sex offender who cannot have contact with minors. The magistrate court acknowledged the sex-offender treatment Doe receives but determined that it is unknown what risks are posed by Doe resuming a parental role toward the child, even if Doe were to be paroled.

Further, the magistrate court found that the child's needs have been met by Jane and her husband. The magistrate court held there is a normal parent-child bond between Jane's husband and the child. Jane's husband is engaged and active in the child's care and upbringing and has been for the vast majority of the child's life. The child looks to Jane's husband as his father and Jane's husband plans to adopt the child. The magistrate court found that the child is safe, stable, happy, and thriving in the care of Jane and her husband. Ultimately, the magistrate court held that, despite Doe's expressions of love and affection for the child, Doe remains unable to appropriately care for the child for an indefinite period of time. The magistrate court concluded it is in the child's best interests to terminate Doe's parental rights and allow Jane's husband, who has been caring for the child, to pursue adoption.

On appeal, Doe challenges the magistrate court's basis for finding that termination of his parental rights is in the best interests of the child. Specifically, Doe alleges that the magistrate court erred because it overlooked whether Jane's husband would be eligible to adopt the child in light of his own criminal record. Doe argues that, while Idaho does not have a specific law preventing repeated convicted felons from adopting, it is questionable whether Jane's husband would be able to adopt the child. Doe believes Jane's husband would not satisfy an "adoption home-inspection home-study" by the Department because he was convicted of two felonies and was on probation at the time of the termination trial. Doe's argument is couched in the belief that, should Jane's husband be unable to adopt, then there would be no clear and convincing evidence to show that termination of his parental rights would be in the child's best interests. However, Doe failed to support his argument with any authority. This Court generally does not address issues not supported by cogent argument and citation to legal authority, even in a case terminating parental rights. *Idaho Dep't of Health & Welfare v. Doe (2018-24)*, 164 Idaho 143, 147, 426 P.3d

1243, 1247 (2018). Even if this Court were to consider Doe's argument, it nevertheless fails. While the magistrate court considered Jane's husband's willingness to adopt the child, it relied on several other factors, outlined above, to find that termination of Doe's parental rights is in the child's best interests. These factors provide substantial and competent evidence to support the magistrate court's findings.

Doe attempts to bolster his argument that the magistrate court erred when conducting its best interests analysis by emphasizing the bond he and the child had prior to his divorce from Jane. According to Doe, the child reacted positively during the visits facilitated by Jane while Doe was incarcerated. Doe asserts the breakdown of his relationship with the child began once Jane stopped facilitating visits, which Doe states he had minimal control over. As noted, the magistrate court considered the nature of Doe's relationship with the child. The magistrate court also found that Doe impeded any relationship he might have had with the child due to his poor behavior during his divorce from Jane. Doe's argument on appeal essentially seeks to have this Court reweigh the evidence presented at trial. This Court's review, however, is limited to whether substantial and competent evidence supports the magistrate court's decision. *See, e.g.*, *Doe*, 148 Idaho at 245, 220 P.3d at 1064 (noting review is whether substantial and competent evidence supports decision). This Court will not reweigh the evidence. *Doe (2017-5)*, 162 Idaho at 407, 397 P.3d at 1166. The magistrate court's findings of fact are supported by substantial and competent evidence and support its conclusion, by clear and convincing evidence, that it is in the best interests of the child for Doe's parental rights to be terminated. Doe has failed to show that the magistrate court erred in finding that terminating his parental rights is in the child's best interests.

## IV.
## CONCLUSION

Substantial and competent evidence supports the magistrate court's determination that Doe neglected the child and that termination of his parental rights is in the best interests of the child. Doe has failed to show error in the magistrate court's decision to terminate his parental rights. Accordingly, the judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.